The defendant was indicted and convicted for robbery in the second degree. Sentence was life imprisonment under Alabama's new habitual felony statute.
The crime for which the defendant was convicted occurred in May of 1980. Alabama's habitual felony offender statute became effective on July 30, 1979. See comments to Alabama Code Section 13A-5-9. The defendant contends that Section 13A-5-9
(c) is an ex post facto law as applied to him because his three prior felony convictions (burglary and grand larceny, assault with intent to murder, and grand larceny) were all committed before the effective date of the habitual offender statute. This argument is without merit for the reasons stated in Wilsonv. State, 371 So.2d 932, 940 (Ala.Cr.App. 1978), affirmed,371 So.2d 943 (Ala. 1979).
Additionally, we note that this question is presented for the first time on appeal and is therefore not preserved for review.Steele v. State, 289 Ala. 186, 266 So.2d 746 (1972); Grace v.State, 369 So.2d 318 (Ala.Cr.App. 1979). *Page 1274 
The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.