The appellant was indicted and convicted for the offense of first degree rape under Ala. Code § 13A-6-61 (Supp. 1977). Upon determination that appellant was a recidivist under Alabama Code § 13A-5-9 (c)(3) (Supp. 1979), the trial court fixed his punishment at life imprisonment without parole.
The state's evidence was sufficient to prove beyond any reasonable doubt that appellant was guilty as charged under Section 13A-6-61 (a)(3). The sufficiency of the evidence is nowhere questioned. The testimony presented by the state clearly established that the appellant abducted the eight year old prosecutrix and eluded his pursuers for a sufficient period of time in which to accomplish his purpose with the child. The overwhelming nature of the state's evidence eliminates the necessity to narrate the precise details of this occurrence. There was ample evidence to support the jury's verdict which was fully justified in this case.
The only questions raised on this appeal concern the Alabama Habitual Offender Statute. The Alabama Habitual Felony Offender Statute has been clearly determined to be constitutional.Williams v. State, 393 So.2d 492 (Ala.Cr.App. 1981); Watson v.State, 392 So.2d 1274 (Ala.Cr.App. 1980), cert. denied,392 So.2d 1280 (Ala. 1981); Smith v. State, 392 So.2d 1273 (Ala.Cr.App. 1980).
It was conclusively shown at appellant's sentencing hearing that appellant had pled *Page 421 
guilty in the Talladega County Circuit Court to four separate felonies on January 22, 1979, and was sentenced to a term of imprisonment in each case. Two of these guilty pleas were based upon indictments for rape and two were for kidnapping. These prior convictions were proved by the introduction of a certified copy of the minute entry in each case. Highsmith v. State,55 Ala. App. 272, 314 So.2d 874 (1975). The certified minute entries demonstrated that appellant was represented by counsel in each case and was advised of his constitutional rights in each case before pleading guilty. There was no objection to the admission of the certified minute entries in those four cases. The consideration of these guilty pleas by the appellant and use of these convictions were proper. Watson, supra.
In addition, appellant testified at his sentencing hearing that he had been convicted of carnal knowledge of a girl under twelve years of age on September 20, 1968 in the Coosa County Circuit Court. Before so testifying, appellant had objected to the introduction of a certified copy of the minute entry in that case as being "ex post facto." There is no merit to this contention of the appellant. Smith, supra.
In summary, we find that the trial court complied fully with the requirements of Rule 6 of the Alabama Rules of Criminal Procedure Temporary Rules in sentencing appellant to life imprisonment without parole. The consideration of appellant's testimony was proper. We have searched the record and found no error. The appellant's conviction is, therefore, due to be affirmed.
AFFIRMED.
All the Judges concur.