Appellant pleaded guilty to robbery in the third degree and unlawful possession of controlled substances. He was sentenced to twelve years in each case, with the sentences to be served concurrently.
The record reveals that the trial judge explained to the appellant his privilege against self-incrimination, his right to a trial by jury, his right to confront his accusers, the nature of the charges, and the acts sufficient to constitute the offenses, according to the requirements of Boykin v.Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
However, an accused must also be informed of the minimum and maximum possible sentence for his offense as an absolute constitutional prerequisite to acceptance of a guilty plea.Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973). The record reveals that on the matter of the possible range of punishment for robbery in the third degree the following occurred:
 "THE COURT: Now, do you understand that in this Robbery, Third Degree —
 As I understand it, you have previous convictions, is that correct?
"THE DEFENDANT: Yes, sir.
 "THE COURT: You have three — more than three convictions of felonies?
THE DEFENDANT: Yes, sir.
 "THE COURT: Do you understand that the punishment then on a conviction of Robbery, Third Degree, would subject you to punishment of not less than 15 or up to life imprisonment? Do you understand that?
 "MR. WRIGHT: [Defense counsel] Wait a minute. Your Honor, we would like to submit these pleas on the basis that he has had at least one prior felony conviction and we would waive any presentence investigation. What we have done is by agreement with the State agreed on 12 years — 12 year concurrent sentences.
 "THE COURT: All right. But you understand that on that basis that the minimum *Page 135 
sentence would be 2 years or not more than 20 years?
"THE DEFENDANT: Yes, sir.
 "THE COURT: And that you are subject also to a fine of not more than $10,000.00? Do you understand that?
"THE DEFENDANT: Yes, sir."
Based on appellant's admission that he had previously been convicted of three or more felonies, it is clear that he was subject to the provisions of § 13A-5-9, Code of Alabama 1975 (The Habitual Felony Offender Act). That section mandates:
 "In all cases when it is shown that a criminal defendant has been previously convicted of any felony and after such conviction has committed another felony, he must be punished as follows. . . ." [Emphasis added]
Here appellant's admission of the prior convictions provides the "showing" necessary for § 13A-5-9, supra. It is our judgment, moreover, that whenever the district attorney has knowledge of a defendant's prior convictions, he must, as an officer of the court, "show" those convictions to the court, so that the trial judge can sentence the accused in accordance with the clear mandate of the recidivist statute. In other words, we do not believe the prosecution has any discretion about whether or not to "show" the prior convictions; if he is aware of the accused's record he must apprise the court of that fact.
In the present case it is clear that appellant's attorney, the district attorney, and the trial court were under the impression that a plea-bargained agreement could circumvent the provisions of the Habitual Felony Offender Act. However, those provisions are absolutely mandatory and are not discretionary.Watson v. State, Ala.Cr.App., 392 So.2d 1274 (1980), cert. denied, Ala., 392 So.2d 1280 (1981).
Subsection (c) of § 13A-5-9, specifies that a defendant previously convicted of any three felonies, must, on conviction of a Class C felony, be punished as follows:
 "[B]y imprisonment for life or for any term not more than 99 years but not less than 15 years."
Robbery in the third degree is a Class C felony. Ala. Code §13A-8-43 (1975).
Therefore, the minimum sentence appellant would have received for his robbery conviction was fifteen years. The maximum punishment was properly life imprisonment, or a term not exceeding 99 years.
Thus, it is our judgment that the trial court did not properly apprise appellant of the permissible range of punishment which could result from his plea of guilty. In fact, he reinforced appellant's belief that a prior agreement between the two attorneys could nullify the mandatory provisions of the Habitual Felony Offender Act. The convictions are therefore reversed, and the causes remanded to the Etowah Circuit Court.
REVERSED AND REMANDED
All the Judges concur.