The appellant was indicted and convicted for the murder of Plemmie Mae Mangum by shooting her with a pistol in violation of Ala. Code § 13A-6-2 (Supp. 1977). The trial court fixed his punishment at twenty years in the State penitentiary.
 I
Appellant contends for the first time on this appeal that the evidence was insufficient to support a conviction. There was no motion to exclude the evidence, no request for the affirmative charge, and no motion for a new trial. Under a long line of cases, the sufficiency of the evidence is not subject to review unless challenged by one of those procedures in the trial court. Lewis v. State, 372 So.2d 882, 884-885 (Ala.Cr.App.) cert. denied, 372 So.2d 885 (Ala. 1979) and cases cited therein.
 II
Appellant also contends for the first time on appeal that the admission of the murder weapon was improper because the State did not prove chain of custody. Again, there is no merit to this contention. The pistol was admitted without objection. Thus nothing was preserved for review. Brown v. State,392 So.2d 1248, 1260 (Ala.Cr.App. 1980), cert. denied,392 So.2d 1266 (Ala. 1981).
 III
Appellant admitted when he took the witness stand in his own behalf that he had two prior felony convictions, one for grand larceny for which he received twenty months' imprisonment and another for a drug charge involving heroin for which he received seven years' imprisonment. Ala. Code § 13A-5-9 (b)(3) (Supp. 1981) mandates that in all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and then is *Page 1231 
convicted of a Class "A" felony, "he must be punished by imprisonment for life or for any term of not less than 99 years." Once a defendant admits prior felony convictions they are proved for purposes of the Habitual Offender Act. See,Smith v. State, 409 So.2d 455 (Ala.Cr.App. 1981); Douglas v.State, 406 So.2d 1051 (Ala.Cr.App.) cert. denied,406 So.2d 1053 (Ala. 1981).
In Motley v. State, 409 So.2d 945 (Ala.Cr.App. 1981) this court held that narcotics convictions under § 20-2-70, Code of Alabama, shall be considered as class "C" felonies for the purposes of applying the Alabama Habitual Felony Offender Act. Section 13A-5-4, Code of Alabama (amended 1977).
We affirm the guilt phase of the trial. However, because of the failure to apply the Habitual Felony Offender Act, we remand this cause with directions to the trial court to conduct another sentencing hearing applying said act. The State of Alabama should, a reasonable time prior to the sentencing hearing, notify the appellant of the prior convictions under which the State plans to proceed, although for all practical purposes the appellant is aware of such prior convictions.
All parties should be present, with counsel, and any evidence offered shall be recorded for this court's review. A complete transcript of these proceedings shall be transmitted to this court under Motley, supra and Aplin v. State, (Ms. December 29, 1981) (Ala.Cr.App. 1981).
AFFIRMED, BUT REMANDED WITH DIRECTIONS FOR ANOTHER SENTENCING HEARING.
All the Judges concur.