LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant (appellant) guilty of robbery in the first degree. Immediately thereafter, the State moved to invoke the Habitual Offender Act (Alabama Criminal Code, § 13A-5-9). Upon a hearing and proof that defendant had previously been convicted of four felonies, the court fixed his punishment at imprisonment for life without parole.
The first proposition advanced by appellant is thus stated in his brief:
“PHOTOGRAPHIC IDENTIFICATION PROCEDURES IN THE ABSENCE OF COUNSEL DENIED APPELLANT’S CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW AND EFFECTIVE ASSISTANCE OF COUNSEL.”
In support of the proposition, appellant relies upon the contemporaneous trilogy of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), to which we are pleased to conform, and in each of which it was held that a pre-trial lineup, at which defendant was not afforded counsel, was fundamentally unfair and constituted a deprivation of defendant’s constitutional rights to due process of law and effective assistance of counsel. There was no lineup procedure or identification involved in the instant case; there was a photographic identification procedure in which a picture taken by officers of the defendant about an hour after he was apprehended was placed in a “mug book” containing more than one hundred pictures of other persons and exhibited by the officers to victims of the recently committed robbery, who identified the picture of defendant as that of the robber. In extending his contention beyond that of Wade, Stovall, *1343 and Gilbert, supra, appellant relies largely upon United States v. Zeiler, 427 F.2d 1305 (2d Cir.1970), and quotes therefrom the following:
“The considerations that led the court in Wade to guarantee the right to counsel at lineups apply equally to photographic identification conducted after the defendant is in custody. The dangers of suggestion inherent in a corporeal lineup identification are certainly as prevalent in a photographic identification.... Also, the defendant, himself not being present at such a photographic identification, is even less able to reconstruct at trial what took place unless counsel was present.... In addition, the constitutional safeguards that Wade guaranteed for lineup may be completely nullified if the police are able privately to confront witnesses prior to the lineup with suggestive photographs.” 427 F.2d p. 1307.
Appellant ignores a fact that did not exist in any of the cases cited by him, the fact that prosecution against defendant had not commenced at the time his picture was taken or at the time the pictures in the mug book were exhibited to the victims of the robbery. It has been consistently held in Alabama that a pre-prosecution lineup in the absence of counsel for an accused does not violate his Sixth Amendment right to effective counsel or his Fourteenth Amendment right to due process.[1]
In McGee v. State, Ala.Cr.App., 383 So.2d 881, 882 (1980) writ denied, 383 So.2d 884, it is stated:
“The appellant contends he should have been provided counsel at his preindictment lineup and failure to do so violates his Sixth Amendment right to assistance of counsel. Consequently, he contends the victim’s in-court identification should have been suppressed. The appellant’s contention is without merit. A preindictment lineup is not a stage of an adversary judicial criminal proceeding at which the right to counsel attaches as defined in Moore v. Illinois, 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977). See also: Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); Hammons v. State, Ala.Cr.App., 371 So.2d 986 (1979).”
In considering the same question presented here, but in a situation in which appellant therein was in a more favorable position than here, as a warrant had been issued for the arrest, it was held in Lomax v. Alabama, 629 F.2d 413 (5th Cir.1980), that in the absence of prosecutorial involvement in procuring the warrant, no constitutional violation occurred in conducting a lineup without affording the arrested accused the benefit of counsel.
We find no support in precedent or reason for appellant’s first proposition as quoted above. To any tangential criticism to the effect that the photographic identification procedure was so impermissibly suggestive as to taint the in-court identification of the defendant as the robber, we conclude that there was no suggestiveness whatever shown in such procedure and that the positive and unequivocal in-court identification of both witnesses was not influenced by their identification of his picture as that of the robber. There was no substantial injury to defendant as the result of the photographic identification procedure.
Another proposition advanced by appellant is thus stated in his brief:
“APPELLANT WAS DENIED DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAW BY VIRTUE OF THE DISCRIMINATORY APPLICATION OF HABITUAL OFFENDER ACT.”
In contending that appellant had been denied the constitutional right to due process of law and equal protection of the laws by reason of the discriminatory application of the Habitual Offender Act (Alabama Crimi *1344 nal Code, § 13A-5-9), appellant argues in his brief as follows:
“. .. In support of the Appellant’s objections, he relies on the testimony of the Honorable Jimmy Evans, District Attorney for the Fifteenth Judicial Circuit who testified on a hearing on appellant’s Motion to Set Aside Sentence. (R. 90-96). In pertinent part, Mr. Evans testified as follows:
“ ‘We never adopted any official guidelines prior to the Milner decision. Our office took the position that we would write the court and ask the court to adopt the rules setting out guidelines. ... I do recall that we did not receive a published court rule.’ (R. 92).
“In reference to a question from the court regarding whether the District Attorney’s office exercised any discretion in allowing a defendant whose case would come under Habitual Offender Act to plead to a lower class of felony offense rather than a higher offense charged in the indictment, Mr. Evans stated the following:
“ ‘The answer to that question is “Yes,” but we don’t do that with the purpose in mind for the sole purpose of solely getting around the Habitual Offender Act, and I don’t know if the Milner decision prohibits that or not. I would like to know because it would be much easier for us if we just knew.’ (R. 95).”
We take it that the reference to the “Mil-ner decision” is to Miliner v. State, Ala.Cr.App., 414 So.2d 133, which was decided on August 4, 1981, and as to which certiorari was quashed by the Alabama Supreme Court on May 21,1982. The sentence hearing in the instant case was conducted on May 11, 1982. In Miliner v. State, in reversing the judgment of conviction and sentence on a plea of guilty in each of two cases, for the failure of the trial court to apprise defendant of the permissible range of sentencing which would result from his plea of guilty in the light of his previous felony convictions, it was held at 414 So.2d 135:
“In the present case it is clear that appellant’s attorney, the District Attorney, and the trial court were under the impression that a plea-bargained agreement could circumvent the provisions of the Habitual Felony Offender Act. However, those provisions are absolutely mandatory and are not discretionary. Watson v. State, Ala.Cr.App., 392 So.2d 1274 (1980), cert. denied, Ala. 392 So.2d 1280 (1981).”
Although appellant finds support in the testimony of District Attorney Evans for his contention that there were some occasions in which the provisions of the Habitual Offender Act were not mandatorily applied, it is clear from the testimony of the district attorney that from the time of the rendition of the opinion in Miliner v. State, supra, such provisions of law had been mandatorily applied. Stated otherwise, at the time appellant herein was sentenced, the provisions of the Act had been mandatorily applied in the Fifteenth Judicial Circuit for more than nine months. In our opinion, this relieves the practice in the particular circuit of any stigma of discriminatory application of the Act which may have existed prior to the decision in Miliner, supra, which we do not now attempt to decide.
The only additional contention of appellant is that the trial court was in error in overruling defendant’s motion for a new trial. In making this contention, appellant relies exclusively upon the two contentions we have previously discussed.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.

. To be distinguished, of course, is one’s Fifth Amendment right not to be compelled in a criminal case to be a witness against himself, which is a barrier to the admission in evidence of an incriminatory statement in the absence of counsel unless counsel is waived.