LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant guilty of theft of property in the second degree as defined by Alabama Criminal Code (1981 Cumm. Supp.), § 13A-8-4(a). A proceeding under the Habitual Felony Offender Act was instituted against him, and he was sentenced, after an appropriate sentencing hearing, to imprisonment for twenty-one years.
The only issue raised by appellant is thus stated in his brief, “The evidence was not sufficient to sustain the verdict of guilty of theft in the second degree.” Ap-pellee aptly responds in effect that as there is no motion to exclude the evidence, no request for the affirmative charge and no motion for á new trial is shown by the record proper or the transcript of the proceedings, the sufficiency of the evidence is not subject to review.[1] This has been consistently held in Alabama and as recently as June 8, 1982, in Peoples v. State, Ala.Cr. App., 415 So.2d 1230, with adequate reference to previous cases, which suffices for the rejection of appellant’s only contention for a reversal.
Anticipating the possibility of some showing or that some contention may be made that an invocation of a ruling of the trial court by one of the methods stated in Peoples v. State, supra, and previous cases has been overlooked in the preparation of the transcript, the preparation of the record, or by the writer, we now note that our review of the transcript convinces us that the evidence was sufficient to support the verdict. It shows without dispute that the property alleged to have been stolen was surreptitiously taken and removed from the store in which it was located and while a man and a woman, who apparently were together, were the only persons, other than two employees, in the store. Both of the *1380 employees identified the man as the defendant. The defendant did not .testify. The woman in the store, a.friend of the defendant who had lived with him previously, testified that she was present at the time, that defendant was not with her but that a man of the same race as both of them was in the store at the same time that she was. The man fled from the premises about the time one of the employees of the store was in the process of calling the police. Both of the employees were positive as to their in-court identification of defendant, after having previously identified him from a photograph shown to them by officers, with other photographs and without any semblance of suggestiveness. The issue of fact was almost exclusively one of whether the testimony of the employees of the store on the one hand or that of the only other woman in the store was credible, which essentially was one for the jury to decide.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is that of the Court.
AFFIRMED.
All the Judges concur.

. Added to such methods of challenging the sufficiency of the evidence, since the trial of the instant case and that of Peoples v. State, supra, and of preceding cases, is “Motion for Judgment of Acquittal,” as provided by Rule 12, effective March 1, 1982, of Alabama Rules of Criminal Procedure, Temporary Rules.