Willie Earl Coleman was charged by indictment with causing the death of Jimmy Owens, by shooting him with a gun, contrary to § 13A-6-2, Code of Alabama 1975, as amended. *Page 686 
The jury found the appellant "guilty of murder as charged in the indictment" and the trial court set sentence at 30 years' imprisonment. (R. 113)
The State established that the deceased, Jimmy Owens, was present at his home at 714 Maudine Street in Prichard, Mobile County, at about 5:30 on the afternoon of June 6, 1981. He was in an argument with the appellant, Willie Earl Coleman, when, according to the daughter of the victim, Michelle Owens, Coleman pulled a pistol and shot her father twice, then got into his automobile and fled. Michelle Owens came into her home and reported this to her mother, Mattie Owens, who called the police.
Mattie Owens testified she heard the shooting and saw the appellant drive away in his automobile.
Police Officer Frank Dees answered the call and found the body of the victim and had him taken by ambulance to the hospital.
Coroner Leroy Riddick of Mobile County testified that he performed an autopsy on June 8, 1981, at the University of South Alabama and determined that there had been two bullet wounds, one entering the left arm and chest and going through the lung and heart. He determined the caliber of the bullet to be .32 and the wound caused the death of the victim.
Willie Earl Coleman testified he had loaned Jimmy Owens $100.00 and that they had gotten into an argument about repaying it. He stated he came to Owens' house that afternoon and after a discussion about the money, saw the deceased pull a pistol and he then pulled his weapon and fired one time at his leg.
The appellant on cross-examination admitted grand larceny and receiving stolen property convictions; one in 1969 and the other in 1973.
The State's witnesses testified that they saw no weapon in the hands of the deceased nor did they find one on his person.
 I
It is clear that under the evidence the State proved a prima facie case. The sole issue with reference the trial itself is the admission of certain photographs of the victim which were cumulative of the evidence of the police officers, the daughter and the wife of the victim. No error appears from the use of these photographs. Brown v. State, 401 So.2d 213 (Ala.Cr.App.) cert. denied, 401 So.2d 218 (Ala. 1981) and authorities therein cited.
 II
The appellant admitted when he took the witness stand to testify in his own behalf that he had two prior felony convictions, one for grand larceny and one for receiving stolen property.
In Peoples v. State, 415 So.2d 1230 (Ala.Cr.App. 1982) we find the following:
 "Ala. Code § 13A-5-9 (b)(3) (Supp. 1981) mandates that in all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and then is convicted of a Class "A" felony, `he must be punished by imprisonment for life or for any term of not less than 99 years.' Once a defendant admits prior felony convictions they are proved for purposes of the Habitual Offender Act. See, Smith v. State, 409 So.2d 455 (Ala.Cr.App. 1981); Douglas v. State, 406 So.2d 1051 (Ala.Cr.App.) cert. denied 406 So.2d 1053 (Ala. 1981).
As in Peoples, supra:
 "We affirm the guilt phase of the trial. However, because of the failure to apply the Habitual Felony Offender Act, we remand this cause with directions to the trial court to conduct another sentencing hearing applying said act. The State of Alabama should, a reasonable time prior to the sentencing hearing, notify the appellant of the prior convictions under which the State plans to proceed, although for all practical purposes the appellant is aware of such prior convictions.
 "All parties should be present, with counsel, and any evidence offered shall be recorded for this court's review. A complete *Page 687 
transcript of these proceedings shall be transmitted to this court under Motley, supra and Aplin v. State
[421 So.2d 1299] [Ms. December 29, 1981] (Ala.Cr.App. 1981)" See Motley v. State, 409 So.2d 945 (Ala.Cr.App. 1981).
AFFIRMED, BUT REMANDED WITH DIRECTIONS FOR ANOTHER SENTENCING HEARING.
All the Judges concur.