TYSON, Judge.
This case was remanded to the Circuit Court of Mobile County, Alabama, for a sentencing hearing. Coleman v. State, 424 So.2d 685 (Ala.Cr.App.1982). In strict compliance with the order of this court that a new sentencing be held, such was set at which appellant and his counsel were present.
The State introduced into evidence two certified copies of judgments of conviction showing that Coleman, the appellant, had been previously convicted in 1969 of grand larceny, for which he received a year and a day sentence and had a conviction in 1973 of receiving stolen property, for which he received a sentence of three years’ imprisonment.
After these two convictions were placed in evidence before the circuit court, the appellant was sentenced to life imprisonment pursuant to the provisions of § 13A-5-9(b)(3), which requires that the appellant be imprisoned “for life or for any term of not less than 99 years.”
A supplemental transcript showing this resentencing, including the certified copies of the two previous convictions, was filed in this court.
I
The appellant now contends that this mandatory sentencing under the Alabama Habitual Offender Statute is unconstitutional as being cruel and unusual punishment, by retroactively imposing additional punishment for offenses previously committed. This contention has been expressly rejected by this court in the following cases: Seritt v. State, 401 So.2d 248 (Ala.Cr.App.1981), cert. denied, 401 So.2d 251 (Ala.1981); Smith v. State, 401 So.2d 251 (Ala. Cr.App.1981), cert. denied, 401 So.2d 257 (Ala.1981); Bates v. State, 405 So.2d 1334 (Ala.Crim.App.1981), cert. denied, 405 So.2d 1339 (Ala.1981).
Upon consideration of the supplemental transcript which includes the two certified copies of the two previous felony convictions, this case is affirmed.
AFFIRMED.
All the Judges concur.