BOWEN, Presiding Judge.
In separate indictments, Rickey H. Whitt was charged with one case of theft of property in the first degree in violation of Alabama Code 1975, § 13A-8-3, and three cases of theft of property in the second degree in violation of Alabama Code 1975, § 13A-8-4. Whitt pled guilty to each charge and was sentenced as an habitual offender to fifteen years (concurrent) in each case. Three issues are raised on appeal.
I
Whitt argues on appeal that his prior felony convictions could not be used to enhance his punishment in the cases at hand because the State failed to prove that these convictions occurred after his prior convictions.
We recognize that “the recidivist statute comes into play only when a defendant commits an offense after he has previously been convicted of a felony.” Burgess v. State, 412 So.2d 298, 299 (Ala.Cr.App.1982) (emphasis in original); Alabama Code 1975, § 13A-5-9(a). See also Hamm v. State, 439 So.2d 829, 831 (Ala.Cr.App.1983). Whitt’s prior convictions oc *30 curred in 1978. Although the record is silent as to the exact date of the commission of the four thefts on appeal, the record does show that the arrest warrants were issued and the indictments returned in 1984. We note that Alabama has a three-year statute of limitations on most felonies, Alabama Code 1975, § 15-3-1, and that this bar was never raised in the circuit court.
More significantly is the fact that defense counsel stipulated to the prior felony convictions before Whitt entered his pleas of guilty.
“THE COURT: Any objection to the certified copies?
“MR. WRIGHT [Defense Counsel]: No, sir, we have no objection. As a matter of fact, we would stipulate he has in excess of four prior felony convictions.
“THE COURT: This doesn’t come as a surprise to you? You have had an opportunity to check into these offenses?
“MR. WRIGHT: Yes, sir, and discuss it with him.”
We addressed this issue in Burrell v. State, 429 So.2d 636, 640 (Ala.Cr.App.1982):
“Such an admission by counsel on behalf of the accused he is representing, unless qualified, sufficiently ‘admits all of the ingredients needed to prove the conviction of the crime.’ Donahay v. State, 287 Ala. 716, 255 So.2d 599 (1971). By admitting the prior convictions, the appellant relieved the State of the burden of proving the prior convictions. Dona-hay, supra. Therefore, the trial judge properly sentenced the appellant as a habitual felony offender.”
See also Peoples v. State, 415 So.2d 1230-31 (Ala.Cr.App.1982); Crittenden v. State, 414 So.2d 476, 482 (Ala.Cr.App.1982); Miliner v. State, 414 So.2d 133, 135 (Ala.Cr.App.1981), cert. denied, 431 So.2d 582 (Ala.1983); McGhee v. State, 412 So.2d 327, 328 (Ala.Cr.App.1982); Lyner v. State, 398 So.2d 420, 421 (Ala.Cr.App.1981).
II
This Court has repeatedly upheld the constitutionality of Alabama’s Habitual Felony Offender Act. Chambers v. State, 418 So.2d 948, 950 (Ala.Cr.App.1982); Lidge v. State, 419 So.2d 610, 613-14 (Ala.Cr.App.), cert. denied, 419 So.2d 616 (Ala.1982); Watson v. State, 392 So.2d 1274, 1277 (Ala.Cr.App.1980), cert. denied, 392 So.2d 1280 (Ala.1981). Moreover, issues I and II are not preserved for review. “It is universally held that a voluntary plea of guilty waives all non-jurisdictional defects.” Lane v. State, 412 So.2d 292, 294 (Ala.1982); Dingler v. State, 408 So.2d 530 (Ala.1981). See also United States v. Jackson, 659 F.2d 73 (5th Cir.1981), cert. denied, 455 U.S. 1003, 102 S.Ct. 1637, 71 L.Ed.2d 870 (1982); Lambert v. United States, 600 F.2d 476 (5th Cir.1979); Franklin v. United States, 589 F.2d 192 (5th Cir.), cert. denied, 441 U.S. 950, 99 S.Ct. 2177, 60 L.Ed.2d 1055 (1979).
Ill
There is nothing in the record to indicate that the trial court erred in failing to initiate an inquiry into Whitt’s mental competency.
Whitt’s first appointed attorney, Gary L. Phillips, filed a motion for a competency investigation in which he asserted that Whitt had “attempted suicide at least twice prior to his incarceration” and had “attempted to commit suicide or do great harm to his person twice while he has been so incarcerated.” In that motion, counsel stated that “the Defendant has refused to take his attorney’s advice to stop such behavior and has instructed his attorney not to request any mental examination of the Defendant for the purpose of determining his competency to stand trial and has stated to his attorney that he would request another attorney be appointed for his defense and his present attorney removed if said attorney requests a mental examination of the Defendant.” At Whitt’s request, Phillips was allowed to withdraw and Hubert H. Wright was appointed. Wright’s Attorney Fee Declaration reveals that counsel spent a significant amount of time in conference with Whitt, his sister, *31 his former wife, his former attorney and others before pleading Whitt guilty.
Before the guilty pleas were entered, Whitt withdrew his (attorney’s) motion for a competency examination.
“THE COURT: Well, I think it is your option. If you want to withdraw it after consulting with your client that is fine with me.
“MR. WRIGHT: You understand there is a Motion before the Court to have you examined by Bryce Hospital?
“THE DEFENDANT: Yes, sir, I do.
“MR. WRIGHT: All right. I would like to withdraw that. Are you in agreement with withdrawing that Motion?
“THE DEFENDANT: Yes, sir, I am.
“MR. WRIGHT: All right.
“THE COURT: All right. I am going to enter an order showing it withdrawn.”
It is clear that Whitt, after consultation with his attorney, waived his request for psychiatric examination.
“A defendant has no right to receive a mental examination whenever he [or his attorney] requests one and, absent such right, a motion for psychiatric examination to determine the competency or sanity of an accused is directed to the sound discretion of the trial judge, who must act as a screening agent for such. * * * Common sense, as well as sound legal authority, dictates that the trial judge not grant a psychiatric examination at state expense unless there is some reason to believe the accused was incompetent or insane.” Bailey v. State, 421 So.2d 1364, 1367 (Ala.Cr.App.1982). “[I]n the absence of any evidence, the mere allegations by counsel that the accused is incompetent to stand trial do not establish ‘reasonable ground to doubt [defendant’s] sanity’ which would warrant an inquiry into his competency.” Whorton v. State, 422 So.2d 812, 813 (Ala.Cr.App.1982). The trial court is not in error for failing sua sponte to order a competency examination for the defendant where a defendant has consistently declared himself ready to proceed with trial and able to consult with counsel and understand the charges against him, and where defense counsel, after further consultation with the defendant, reversed an earlier position and indicated that he was no longer suggesting that his client was incompetent to stand trial and that the defense would not request an examination. United States v. Robinson, 530 F.2d 677, 678 (5th Cir.1976).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.