We granted certiorari in this case to review the Court of Criminal Appeals' affirmance of the Mobile County Circuit Court's judgment, wherein that court set aside its original sentence, which the defendant had begun serving, and imposed a more severe sentence after discovering that the Habitual Felony Offender Act applied. The Court of Criminal Appeals affirmed the trial court's judgment, 492 So.2d 677. We reverse.
On January 28, 1982, the defendant, David Lee Williams, pleaded guilty to the crime of attempting to obtain a controlled substance by fraud, Code of Alabama (1975), §20-2-70. On that date, upon the recommendation of the district attorney, the court imposed a two-year sentence in the state penitentiary. Williams immediately commenced service of the sentence.
On February 24, 1982, the State filed a motion to reconsider sentence "upon discovering [that] Appellant had six (6) prior felony convictions." On April 16, 1982, the trial court set aside Williams's conviction and sentence of January 28, 1982. The State at that time gave defendant notice that the Habitual Felony Offender Act would apply. On May 24, 1983, over Williams's objection, the court imposed a 15-year sentence upon Williams, pursuant to the enhancement provision of the Habitual Felony Offender Act.
On appeal, the Court of Criminal Appeals affirmed the resentencing. After an application for rehearing was overruled, *Page 136 
Williams filed a petition for a writ of certiorari, which we granted.
The dispositive issue raised for our review is whether the Court of Criminal Appeals erred when it affirmed the trial court's second (enhanced) sentence of Williams, where the application of the Habitual Felony Offender Act was not called to the Court's attention prior to Williams's original sentencing proceeding.
Rule 6, Ala.Temp.R.Crim.P., provides in pertinent part as follows:
"(3) Habitual Felony Offenders.
 "(i) In any case involving an alleged habitual felony offender as provided in Act 607, § 1235, Acts of Alabama 1977, p. 812, as amended by Act 70-471, Acts of Alabama 1979, p. 862, and as amended by Act 70-664, Acts of Alabama 1979, p. 1163 (§ 13A-5-9, Alabama Criminal Code, as amended), after a determination of guilt, the court on its own motion, or on a motion of the district attorney or other prosecutor, or on motion of the defendant, shall hold a hearing at a date to be set by the court, if such hearing is necessary in order to establish the alleged prior conviction or convictions in the record.
 "(ii) At a reasonable time prior to the hearing the defendant shall be given notice of the prior conviction or convictions upon which the State intends to proceed.
 "(iii) At the hearing the burden of proof shall be on the State to show that the defendant has been convicted of a previous felony or previous felonies. Disputed facts shall be determined by the court by a preponderance of the evidence. Evidence may be presented by both the State and the defendant as to any matter the court deems relevant to the application of the law. The State or the court may examine the defendant under oath at the hearing as to relevant matters. If at the hearing the defendant disputes any conviction presented by the State, the court may allow the State to present additional evidence of the disputed conviction, either by way of rebuttal or at a future time to be set by the court.
 "(iv) Any conviction in any jurisdiction, including Alabama, shall be considered and determined to be a felony conviction if the conduct made the basis of that conviction constitutes a felony under Act 607, § 130(4), Acts of Alabama 1977, p. 812 (§ 13A-1-2(4), Alabama Criminal Code), or would have constituted a felony under that section had the conduct taken place in Alabama on or after January 1, 1980."
In the present case, Williams, after entering a guilty plea, was sentenced to two years in the penitentiary, as recommended by the district attorney. As contended by Williams, the Habitual Felony Offender Act is not "self-executing." Rule 6 of the Temporary Rules of Criminal Procedure, supra, contemplates that the applicability of the Habitual Felony Offender Act will be called to the attention of the trial court prior to sentencing. See Aplin v. State, 421 So.2d 1299, at 1302 (Ala.Cr.App. 1981), where the Court of Criminal Appeals stated that the prosecution should have informed the trial court of the applicability of the Habitual Felony Offender Act and given notice to the defendant of the State's intention to request sentencing under the Act before the defendant was sentenced. This was not done in the present case.
We hold that in order to sentence a criminal defendant under the Habitual Felony Offender Act, the Act must be invoked prior to the defendant's original sentencing, as mandated by Rule 6 of the Temporary Rules of Criminal Procedure. Furthermore, a sentence may not be subsequently set aside because of a failure to apply the Habitual Felony Offender Act.
It follows that Coleman v. State, 424 So.2d 685
(Ala.Cr.App. 1982), Peoples v. State, 415 So.2d 1230
(Ala.Cr.App. 1982), and Miliner v. State, 414 So.2d 133
(Ala.Cr.App. 1981), cert. denied, 431 So.2d 582 (Ala. 1983), must be, and they are hereby, overruled insofar as they are inconsistent with the holding of the present case. In each of those cases, as in the present case, the Habitual Felony Offender Act was not called to the trial court's attention prior to the imposition of the first sentence. Nevertheless, the Court of Criminal Appeals in Coleman and Peoples remanded *Page 137 
with directions to the trial court to conduct another sentencing hearing applying the Act. And in Miliner, where the conviction had been based on a guilty plea, the Court of Criminal Appeals reversed and remanded the case for a trial so that the defendant could be apprised of the minimum and maximum sentences under the Habitual Felony Offender Act, under which he should have been initially sentenced.
We note that in Coleman and Peoples, a petition for writ of certiorari was not filed with this Court, thereby precluding review of the issue now presented. Furthermore, Miliner did not afford us an opportunity to review the issue of resentencing under the Habitual Felony Offender Act, because the petition for writ of certiorari failed to allege any of the grounds for issuance of a writ of certiorari listed in Rule 39(c), A.R.App.P.
The judgment of conviction in the present case is affirmed; but the case is remanded to the Court of Criminal Appeals with instructions to remand to the trial court for an order vacating the second sentence and reinstating the initial sentence.
AFFIRMED IN PART; REMANDED WITH DIRECTIONS.
TORBERT, C.J., and MADDOX, JONES, ALMON, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.