PATTERSON, Judge.
Pursuant to the decision of the Alabama Supreme Court in Ex parte Glover, 508 So.2d 218 (Ala.1987), this case is remanded to the Circuit Court of Mobile County, with directions to conduct a new sentencing hearing in accordance with that decision. We are instructed by the Alabama Supreme Court to direct the Circuit Court of Mobile County to resentence appellant in accordance with §§ 13A-7-7(b) and -5-6(a)(3). Accordingly, appellant, having been convicted of burglary in the third degree, is to be sentenced consistent with the penalty provisions of a Class C felony, i.e., “not more than 10 years or less than 1 year and 1 day.” It was further ordered that the sentencing hearing be conducted in accordance with A.R.Crim.P.Temp. 6(a), (b)(1), (b)(2), and (c). The Alabama Supreme Court cited Ex parte Williams, 510 So.2d 135 (Ala.1987), and specifically omitted reference to Rule 6(b)(3), pertaining to sentence hearings for cases involving habitual felony offenders. Ex parte Williams, 510 So.2d at 136, holds that, in order to sentence a criminal defendant under the Habitual Felony Offender Act, the Act must be invoked prior to the defendant’s original sentencing and a sentence may not be subsequently set aside because of a failure to apply the Act. Therefore, upon resentenc-ing, based on the circumstances of this case, the State is foreclosed from proceed *222 ing under the provisions of the Habitual Felony Offender Act.
Upon conclusion of the resentencing hearing, due return is to be made to this court.
REMANDED WITH DIRECTIONS.
All Judges concur.
ON RETURN TO REMAND
PATTERSON, Judge.
The return to remand discloses that the trial court has fully complied with our directions in remanding this cause for the trial court to conduct a new sentencing hearing, which was conducted on April 2, 1987, with appellant and his attorney present. Appellant was adjudged guilty of burglary in the third degree and sentenced to a term of imprisonment of ten years. It was further ordered that appellant serve one year, eight months, and four days of said sentence; that appellant be given credit for one year, eight months, and four days for time served in jail; and that the balance of the sentence be suspended pending a five-year probationary period and that appellant pay $50 to the Alabama Crime Victim’s Compensation Fund and costs of court within six months following his release.
Having reviewed the resentencing proceedings and finding the sentence proper, we find that this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.