Pursuant to the decision of the Alabama Supreme Court inEx parte Glover, 508 So.2d 218 (Ala. 1987), this case is remanded to the Circuit Court of Mobile County, with directions to conduct a new sentencing hearing in accordance with that decision. We are instructed by the Alabama Supreme Court to direct the Circuit Court of Mobile County to resentence appellant in accordance with §§ 13A-7-7(b) and -56(a)(3). Accordingly, appellant, having been convicted of burglary in the third degree, is to be sentenced consistent with the penalty provisions of a Class C felony, i.e., "not more than 10 years or less than 1 year and 1 day." It was further ordered that the sentencing hearing be conducted in accordance with A.R.Crim.P.Temp. 6(a), (b)(1), (b)(2), and (c). The Alabama Supreme Court cited Ex parte Williams,510 So.2d 135 (Ala. 1987), and specifically omitted reference to Rule 6(b)(3), pertaining to sentence hearings for cases involving habitual felony offenders. Ex parteWilliams, 510 So.2d at 136, holds that, in order to sentence a criminal defendant under the Habitual Felony Offender Act, the Act must be invoked prior to the defendant's original sentencing and a sentence may not be subsequently set aside because of a failure to apply the Act. Therefore, upon resentencing, based on the circumstances of this case, the State is foreclosed from proceeding *Page 222 
under the provisions of the Habitual Felony Offender Act.
Upon conclusion of the resentencing hearing, due return is to be made to this court.
REMANDED WITH DIRECTIONS.
All Judges concur.