BOWEN, Presiding Judge.
This is an appeal from the denial of a petition for writ of error coram nobis.
In Coleman v. State, 424 So.2d 685, 686-87 (Ala.Cr.App.1982), this Court affirmed the judgment of conviction but remanded for proper sentencing because of the failure to apply the mandatory Habitual Felony Offender Act. On remand, Coleman’s original thirty-year sentence was set aside and a sentence of life imprisonment was imposed.
Ex parte Williams [Ms. 85-1278, February 6, 1987] (Ala.1987), specifically overruled Coleman, supra, and stated:
“We hold that in order to sentence a criminal defendant under the Habitual Felony Offender Act, the Act must be invoked prior to the defendant’s original sentencing, as mandated by Rule 6 of the Temporary Rules of Criminal Procedure. Furthermore, a sentence may not be subsequently set aside because of a failure to apply the Habitual Felony Offender Act.”
Pursuant to Williams, supra, Coleman cannot be sentenced under the Habitual Felony Offender Act. Accordingly, this cause is remanded with directions that the circuit court reinstate Coleman’s original sentence of thirty years’ imprisonment. This is all the relief to which Coleman is entitled. The error does not warrant a new trial.
*569 The judgment of the circuit court is reversed and the cause remanded with directions.
REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur.