On Return to Remand
On March 20, 1998, re remanded this cause to the trial court with directions that that court clarify its findings concerning Jerry Ray Moore's claim, in his Rule 32, Ala. R. Crim. P., petition, that his sentence of 20 years in prison, for the offense of receiving stolen property in the second degree, exceeded the maximum authorized by law. In his petition, Moore alleged that the Habitual Felony Offender Act was neither invoked nor applied when, in December 1980, he pleaded guilty to, and was sentenced for, receiving stolen property in the second degree and that, therefore, his 20-year sentence exceeded the maximum authorized by law for a Class C felony.[1] Receiving stolen property in the second degree is a Class C felony, § 13A-8-18
(a), Ala. Code 1975; the maximum sentence for a Class C felony, if the defendant has no prior felony convictions that can be used for enhancement, is "not more than 10 years," § 13A-5-6
(a)(3), Ala. Code 1975.
As we noted in our original opinion, Judge John D. Snodgrass, who is now retired, presided over Moore's 1980 guilty plea proceedings and sentencing hearing and Judge Joseph L. Battle presided over the evidentiary hearing on Moore's Rule 32 petition. following the evidentiary hearing on Moore's petition, Judge Battle found that Judge Snodgrass had made a "mistake" in sentencing Moore because Judge Snodgrass "did not mention two prior felony convictions that [Moore] had at the time of sentencing" Judge Battle then set aside Moore's original 20-year sentence and, after giving Moore "notice" that in sentencing Moore he would consider *Page 535 
his two 1977 felony convictions, he resentenced Moore to 20 years in prison upon application of the Habitual Felony Offender Act.
On his earlier appeal, Moore contended that Judge Battle was without authority to apply the Habitual Felony Offender Act in resentencing him and that instead, after setting aside his 20-year sentence, Judge Battle should have sentenced him within the statutory range applicable to a conviction for a Class C felony, with no prior felony convictions. In support of his contention, Moore cited Ex parte Williams, 510 So.2d 135 (Ala. 1987), where the Alabama Supreme Court held that because the Habitual Felony Offender Act is not "self-executing," the Act must be invoked, i.e., "called to the attention of the trial court," before the original sentencing or it cannot be applied at a subsequent sentencing hearing. 510 So.2d at 136.[2]
This court was unable to determine from the record whether Judge Battle's finding that Judge Snodgrass made a "mistake" because he "did not mention" Moore's two prior felony convictions "at the time of sentencing" constituted a determination by Judge Battle that the Habitual Felony Offender Act had been neither invoked nor applied at Moore's original sentencing or whether Judge Battle determined that Judge Snodgrass had simply neglected to note on the case action summary sheet and in his separate written sentencing order that he had applied the Habitual Felony Offender Act in arriving at Moore's 20-year sentence. In remanding the cause to the trial court, we stated:
 "Resolution of this issue is crucial: if Judge Battle found that Habitual Felony Offender Act was not invoked and applied at the original sentencing, he had no authority to apply the Act in resentencing the appellant and should have resentenced the appellant solely by application of the statutory range for Class C felonies; if Judge Battle found that the Act had been invoked and applied at the original sentencing, but that this fact was not reflected in the limited record available from the 1980 proceedings, then the appellant was not entitled to any relief and his sentence should not have been set aside. We do not find an answer to our questions in the fact that Judge Battle gave the appellant notice of the two prior felony convictions before resentencing him, because it is unclear whether Judge Battle considered the resentencing procedure to constitute the initial invocation and application of the Habitual Felony Offender Act to the appellant's case, or whether Judge Battle set aside the original sentence and gave the appellant notice of the prior convictions merely out of an abundance of caution and upon as assumption that the appellant may not have received adequate notice from the state before the original sentencing even though the Act had been properly invoked. If Judge Battle credited the appellant's factual assertions only to the extent that the appellant maintained that he did not receive adequate notice from the state, any *Page 536 
claims for relief on this basis would be procedurally barred by the two-year limitations period of Rule 32.2 (c), Ala. R. Crim. P., and by Rules 32.2(a)(3) and (5), Ala. R. Crim. P. See Reed [v. State], 649 So.2d [1303] at 1304; Cements [v. State, 709 So.2d 1321 (Ala.Cr.App. 1997)]; Johnson [v. State], 675 So.2d 85 [(Ala.Cr.App. 1995)]."
739 So.2d 533-34. This court specifically instructed the trial court to state whether it found that the Habitual Felony Offender Act was invoked and applied at Moore's original sentencing in 1980.
On return to remand, Judge Battle has filed an order vacating his prior order, setting aside Moore's original 20-year sentence, and resentencing Moore to 20 years in prison under the Habitual Felony Offender Act after giving Moore "notice" of the two 1977 felony convictions, In that remand order, Judge Battle further states that he is reinstating Moore's original 20-year sentence imposed by Judge Snodgrass in 1980. Finally, Judge Battle finds that Moore's claim concerning the legality of his sentence was raised in a prior Rule 32 petition and that, therefore, Moore;s claim is procedurally barred and due to be denied because his present petition is "successive." See Rule 32.2 (b), Ala. R. Crim. P.
We cannot agree with Judge Battle's determination that Moore's claim is procedurally barred by the successive petition provisions of Rule 32.2 (b), Ala. R. Crim. P. First, it is unclear whether Moore;s claim concerning the legality of his sentence was, in fact, raised in a prior petition. More importantly, it is well settled that a facially valid challenge to the legality of sentence presents a "jurisdiction" issue that can be raised at any time and is not subject to the procedural bars of Rule 32.2, Ala. R. Grim. P. See Barnes v. State,708 So.2d 217, 219 (Ala.Cr.App. 1997).
As things stand, this court is still unable to answer from the record the question that is dispositive of Moore's claim concerning the legality of his 20-year sentence: Was the Habitual Felony Offender Act invoked and applied at Moore;s original sentencing in 1980? Accordingly, we must again remand this cause to the trial court, with directions that the trial court state whether it finds that Habitual Felony Offender Act was invoked and applied at Moore's original sentencing. If the trial court finds that the Act was invoked and applied at Moore's original sentencing, the court should state specifically on what evidence it is basing this determination. If, however, the trial court finds that the Act was not invoked and applied at Moore's original sentencing, the court should set aside Moore's 20-year sentence and resentence Moore within the range of punishment authorized for a Class C felony where no prior felony convictions are used for enhancement. A return should be filed with this court within 49 days after the release of this opinion.
REMANDED WITH DIRECTIONS.
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.
[1] In our original submission, we recognized that Moore did not actually refine this issue until the evidentiary hearing on his petition where he modified the allegations in his petition somewhat.
[2] As we stated in our original opinion:
 "It is important to distinguish here between the circumstances contemplated by Ex parte Williams — i.e., a total failure to invoke and apply the Habitual Felony Offender Act at the original sentencing — and those cases where it is alleged that the state failed to give the defendant notice of its intent to invoke the Act or failed to give the defendant notice of the prior felony convictions upon which it would rely in invoking the Act. Where the Habitual Felony Offender Act has not been invoked before the original sentencing, a trial court is without the authority to resentence a defendant by applying the Act, and a subsequent sentence imposing an additional sentence upon application of the Act is an `illegal' sentence, which may be challenged at any time. However, notice to the defendant of the application of the Habitual Felony Offender Act is a procedural requirement that can be waived by the defendant's failure to object; it is a nonjurisdictional matter that is subject to the procedural bars set out in Rule 32.2."
Moore, 739 So.2d at 533. (Citations omitted.)