REL: May 5, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2022-2023

―――――――――――――――

## CR-2022-1148

―――――――――――――――

## Reginald Thadeous Blevins

## v.

## State of Alabama

## Appeal from Mobile Circuit Court
## (CC-20-1246)

KELLUM, Judge.

Reginald Thadeous Blevins was convicted of robbery in the first degree, see § 13A-8-41(a)(1), Ala. Code 1975, and assault in the second degree, see § 13A-6-21(a)(2), Ala. Code 1975. The trial court sentenced

him, as a habitual felony offender, to life imprisonment without the possibility of parole for each of his convictions.

On appeal, Blevins raises only two issues for our review, both relating to his sentencing. First, Blevins contends that the trial court erred in sentencing him under the Habitual Felony Offender Act ("the HFOA"), § 13A-5-9, Ala. Code 1975, without requiring the State to provide certified copies of his prior convictions to satisfy its burden of proof.[1] The record reflects that Blevins testified on his own behalf at trial and that, during cross-examination, he admitted that he had previously been convicted of unlawful possession of a controlled substance, robbery in the third degree, shooting into an occupied vehicle, assault in the second degree, and murder. It is well settled that "'[t]he admission by a defendant of a prior conviction constitutes proper proof to enhance that defendant's sentence under the Habitual Offender Act.'" Nix v. State, 747 So. 2d 351, 357 (Ala. Crim. App. 1999) (quoting Daniel v. State, 623 So. 2d 438, 441 (Ala. Crim. App. 1993)). "A defendant's admission is a proper method of proving a prior conviction for purposes of the Habitual

---

[1]Blevins raised this issue at the sentencing hearing; therefore, it is properly before this Court for review.

Felony Offender Act." <u>Faircloth v. State</u>, 471 So. 2d 485, 493 (Ala. Crim. App. 1984), aff'd, 471 So. 2d 493 (Ala. 1985). See also <u>Ex parte Jones</u>, 520 So. 2d 553, 554 (Ala. 1988) ("[W]here a defendant admits prior convictions under oath the State is relieved of its normal burden of proof regarding the prior convictions."); <u>Hayes v. State</u>, 647 So. 2d 11, 13 (Ala. Crim. App. 1994) ("For determining habitual felony offender status, a defendant's prior convictions may be proved by his admissions to those prior convictions at trial."); and <u>Whitt v. State</u>, 461 So. 2d 29, 30 (Ala. Crim. App. 1984) ("By admitting the prior convictions, the appellant relieved the State of the burden of proving the prior convictions." (internal quotation marks and citation omitted)).

Although Blevins recognizes this general rule, he nonetheless argues that, in this case, his admissions were invalid and did not relieve the State of presenting certified copies of his prior convictions because, he says, the prosecutor committed misconduct when cross-examining him about those convictions. Specifically, he argues that twice when he hesitated in answering a question about a prior conviction, the prosecutor indicated that he could provide Blevins with documentation of the conviction, but the prosecutor did not have any documentation relating

to the prior convictions. According to Blevins, "[i]t was improper for [the prosecutor] to feign that he possessed something in front of the jury and the Court if he did not possess it." (Blevins's brief, p. 20.) However, Blevins did not object to the prosecutor's questioning him about his prior convictions or otherwise raise this specific issue in the trial court. Therefore, this issue was not properly preserved for review and will not be considered. See Ex parte Coulliette, 857 So. 2d 793, 794 (Ala. 2003) ("'Review on appeal is restricted to questions and issues properly and timely raised at trial.' Newsome v. State, 570 So. 2d 703, 717 (Ala. Crim. App. 1989). 'An issue raised for the first time on appeal is not subject to appellate review because it has not been properly preserved and presented.' Pate v. State, 601 So. 2d 210, 213 (Ala. Crim. App. 1992).").

Blevins also contends that his sentence of life imprisonment without the possibility of parole for his conviction for assault in the second degree, a Class C felony, see § 13A-6-21(b), Ala. Code 1975, was illegal under the HFOA. Although Blevins did not raise this issue in the trial court, it is a jurisdictional issue that may be raised at any time. See Ex parte McGowan, 346 So. 3d 10, 13 (Ala. 2021) ("This Court has routinely held that the imposition of a sentence in a criminal case that is

not authorized by statute creates a jurisdictional defect that is nonwaivable and that can be raised at any time."). And Blevins is correct that his sentence is illegal. Section 13A-5-9(c), Ala. Code 1975, provides, in relevant part:

> "(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies that are Class A, Class B, or Class C felonies and after such convictions has committed another Class A, Class B, or Class C felony, he or she must be punished as follows:
>
>> "(1) On conviction of a Class C felony, he or she must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years."

The maximum sentence Blevins could receive for his assault conviction was life imprisonment. Therefore, his sentence of life imprisonment without the possibility of parole was illegal.

Based on the foregoing, we affirm Blevins's convictions for robbery in the first degree and assault in the second degree and his sentence for the robbery conviction. However, we remand this cause for the trial court to conduct another sentencing hearing, at which Blevins is entitled to be present and to be represented by counsel, and to resentence Blevins for his assault conviction in accordance with § 13A-5-9(c)(1). Due return shall be filed within 63 days of the date of this opinion and shall include

5

the transcript of the resentencing hearing and a copy of the trial court's amended sentencing order.

AFFIRMED IN PART; REMANDED WITH INSTRUCTIONS.

Windom, P.J., and McCool, Cole, and Minor, JJ., concur.