Noel EBANKS and Signa Ebanks,
Plaintiffs-Appellants,

Inagua Transports, Inc., Intervenor
Plaintiff-Appellant,

v.

SOUTHERN RAILWAY COMPANY,
Defendant Third Party
Plaintiff-Appellee,

Brunswick Pulp & Paper Co., et al.,
Third Party Defendants-Appellees.

No. 79–4080.

United States Court of Appeals,
Fifth Circuit.
Unit B

March 25, 1981.

J. S. Hutto, Brunswick, Ga., for Noel Ebanks and Sidna Ebanks.

Lamar C. Walter, Savannah, Ga., for Inagua Transport, Inc.

A. Blenn Taylor, Jr., Brunswick, Ga., for Southern Railway Co.

Albert Fendig, Jr., Brunswick, Ga., for Herbert & Edward Murphy.

Before FAY and HATCHETT, Circuit Judges, and GROOMS *, District Judge.

FAY, Circuit Judge:

The issue in this appeal is whether the trial judge violated Fed.R.Civ.P. 51 in materially deviating from what he represented to counsel would be his charge to the jury. We hold that the rule was violated, that a new trial is necessary, and accordingly, we do not reach appellant's argument that the court erred in ambiguously phrasing its special verdict forms.

The issue arose in the context of a personal injury action brought by appellant Noel Ebanks and his wife against appellee Southern Railway Company for injuries and damages sustained by appellants as a result of the alleged negligence of appellee. Appellee filed a third-party action against Brunswick Pulp & Paper Company and Murphy Cab Company. Inagua Transports, Inc., employer of appellant, intervened as a plaintiff claiming amounts it was required to pay for maintenance and cure during Ebanks' recovery. Prior to trial, the third-party claim was severed from the main action.

In a trial held on October 8, 1979, the jury returned a verdict for appellant, finding his negligence to be 33⅓% the cause of the injuries and the negligence of appellee to be 66⅔% the cause of the injuries. Appellant's motion for a new trial based on juror misconduct was granted. A second trial, held on November 28, 1979, resulted in a jury finding that both parties were 50% negligent. Appellant appeals from entry of judgment for appellee, claiming that the district court deviated from its proposed jury charges in not charging the jury on the Georgia law of comparative negligence.

* District Judge of the Northern District of Alabama, sitting by designation.

The evidence showed that on the night of January 28, 1977, appellant Noel Ebanks was returning to work on board his ship M/V CECILE ERICKSON. In order to reach the dock it was necessary to use a road belonging to Brunswick Pulp & Paper Company and to cross appellee's railroad tracks. Appellant, along with two other crewmen, was transported to the entrance of the dock by Murphy Cab Company. Appellant proceeded to cross the tracks on foot and was struck by the engine of a train owned and operated by appellee. At issue before the jury was the negligence of both parties.

Under the law of Georgia, where there is negligence by both parties to a lawsuit and that negligence is a concurrent cause of the injury sued for, recovery by the plaintiff is not barred unless his negligence is found to be 50% or more of the cause of the injury. If his fault is less than that of the defendant, the plaintiff's damages are diminished by an amount proportionate to the amount of fault attributable to him. *Gross v. Southern Railway Co.*, 414 F.2d 292, 300 (5th Cir. 1969) appeal from remand 446 F.2d 1057 (1971); *Smith v. American Oil Co.*, 77 Ga.App. 463, 49 S.E.2d 90 (1948).

In the first trial of the case at bar, the trial judge charged as follows:

Now, there's another provision of law that you may find applicable to this case as you determine the facts to be. If you were to find that the Plaintiff was negligent and you were to find that the Defendant Railroad's employees were also negligent and that the negligence of both of them joined and concurred in proximately causing these injuries, the Plaintiffs could still recover if the Plaintiff's negligence was less than that of the Defendant's. If it was equal to or greater than that of the Defendant's, he could not recover.

(R. VI, 21, 22). This portion was omitted from the charge in the second trial although the two charges were nearly identical in

other respects. At the "charge conference" during the second trial, counsel had been assured that the charges would be substantially the same.[1]

At both trials, special verdicts were submitted for the jury to answer. At the "charge conference" counsel were told the special verdicts would be identical.[2] In instructing the jury in the use of the special verdict forms in the first trial, the court said:

1. The following discussion took place at the close of the evidence:

> MR. TAYLOR: Can we go over—Can you tell us what form of verdict you're going to use this time?
> THE COURT: I am going to use the same one I did the last time.
> MR. TAYLOR: Okay.
> THE COURT: There is not much to that. I mean that—
> MR. TAYLOR: Well, I just wanted to know before we—
> THE COURT: There is not much to that.
> MR. TAYLOR: —started arguing the case.
> THE COURT: Yes, I will go over them anyhow, but—
> (Conference at the bench concluded.)
> THE COURT: All right; members of the jury, please go to the jury room.
> (10:00 a. m.—The jury withdrew from the courtroom.)
> THE COURT: All right, gentlemen, I intend to give substantially the same charge. What are your comments on it? As I say, with the exception of the request you made.
> MR. HUTTO: I think—Having read the charge this morning, I think the charge is in order. I did not think so at the last trial on the private crossing, but we've got private crossing so much in here this time that I think that with the Court's—
> THE COURT: I—
> MR. HUTTO: —charge, I think—
> THE COURT: Really, I do not know that it makes a great deal of difference.
> MR. HUTTO: I don't either, Your Honor. And I think the Court's charge takes care of the matter. I don't want to waive any objections I have, but—
> THE COURT: No.
> MR. HUTTO: —I really see very little objectionable material in the charge at all, if any.
> THE COURT: What do you say?
> MR. HUTTO: I didn't find it this morning.
> THE COURT: What do you say?
> MR. TAYLOR: I have no objection to the charge unless the Court instructs it is going to give the previous charge—
> THE COURT: Well, it will be—
> MR. TAYLOR: —plus—

Bearing in mind that if Mr. Ebanks' negligence was equal to or greater than that of the Railroad, he could not recover anything. But if it is less than, his recovery would be diminished in proportion to the amount of his negligence.

(R. VI, 28). These two sentences were omitted from the instructions in the second trial.

■ Rule 51, Fed.R.Civ.P.[3] requires the court to inform counsel of its proposed ac-

> THE COURT: It will be—I may correct a few—
> MR. HUTTO: There will be some correction on the amount of damages.
> THE COURT: Yes. Yes, in accordance with this.
> MR. HUTTO: Yes, sir.

R. XV, 197–199.

2. The interrogatories were as follows:

(1) What was the percentage of negligence, if any, committed by Noel Ebanks on the occasion under investigation which contributed to the proximate cause of his injuries?

_____%

(2) What was the percentage of negligence, if any, committed by the Southern Railway Company and its employees on the occasion under investigation which contributed to the proximate cause of Mr. Ebank's injuries?

_____%

(3) Regardless of whose fault it was, what is the total amount of damages sustained by Noel Ebanks as the result of the incident under investigation?

$_____

(4) Regardless of whose fault it was, what is the total value of the loss of consortium sustained by Sidna Ebanks as the result of the injuries suffered by her husband from the incident under investigation?

$_____

3. Rule 51.

**INSTRUCTIONS TO JURY: OBJECTION**

At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to con-

tion on requests to charge prior to their arguments to the jury, but the instructions themselves are given after argument. The rule allows the trial judge considerable latitude in framing the instructions to the jury as long as he explains clearly the claims advanced by the parties and supported by the evidence. *Keyes v. Lauga*, 635 F.2d 330 (5th Cir. 1981); *MacKenzie v. Chrysler Corp.*, 607 F.2d 1162 (5th Cir. 1979); *Andry v. Farrell Lines, Inc.*, 478 F.2d 758 (5th Cir. 1973). The discretion of the trial judge, however, and the flexibility given him under the rule, are not unrestrained. An essential purpose of Rule 51 is to permit counsel to argue effectively upon the evidence and to know in advance the guiding principles under which the argument should be made. *Clegg v. Hardware Mutual Casualty Co.*, 264 F.2d 152, 157 (5th Cir. 1952); *Dallas Railway and Terminal Co. v. Sullivan*, 108 F.2d 581, 583 (5th Cir. 1940); *Tyrill v. Alcoa Steamship Co.*, 185 F.Supp. 822, 824–25 (S.D.N.Y.1960).

■ A minor variation between the instructions given the jury and those discussed with counsel might not be complained of. Where the variance is great, however, counsel are deprived of the oppor-

tunity to plan an effective argument calculated to urge the jury into specific, decisive action. *See Delano v. Kitch*, 542 F.2d 550, 555 (10th Cir. 1976). In the case we here consider, the court represented that its charge would be substantially the same as that given in the first trial. It was the expectation of counsel that the jury would be aware of the mechanics of the Georgia comparative negligence rule, and counsel did not, therefore, explain to the jury that a finding that the plaintiff was 50% or more the cause of his own injuries would bar recovery. That the jury was confused about the operation of the rule is evidenced by their request of the court for further clarification.[4] Counsel for appellee, on oral argument before this Court, admitted that the jury was given an incomplete statement of the law of comparative negligence. The jury was told that damages would be reduced but not that recovery by the plaintiff would be barred if it found the plaintiff to be 50% or more the cause of his own injuries.

The record reflects that the court was made aware of the parties' belief that the charge and interrogatories were erroneous.[5]

---

sider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.

4. The jury sent a note to the trial judge asking, "If money was awarded, would it be figured by percentage of faults?" (R. XIII, 37). The response of the Court, after conference with counsel, was "Any reduction of the damages would be done by the court in accordance with your findings as to percentage of fault of each party in your answers to the interrogatories." (R. XIII, 38, 40).

5. After the jury had withdrawn, the following dialogue took place:

MR. HUTTO: All right, sir. Another point on the interrogatories is this: I think the jury should be made aware that any negligence that they attribute one to the other, on the comparative negligence law, will reduce the sum that they put in. I think that it's only fair—

THE COURT: Well, the reason I did not do that, Mr. Hutto, is sometimes they reduce it themselves, you see. This way, this is true comparative negligence. They go ahead and

put down all his damages, all of it, and not worry about his negligence.

MR. HUTTO: Well, it seems to me that since you charged on comparative negligence and you charged to reduce the amount of negligence—

THE COURT: I did not charge it. I did not charge reduction of damages. I did not charge comparative negligence. There is no need in charging it.

MR. HUTTO: Well, your verdict indicates comparative negligence.

THE COURT: If you will recall, what I said was that any negligence on the parties which contributed to the proximate cause of the injury.

MR. HUTTO: Well, I had that same question about it the last time, because I feel like the jury ought to be informed that they would not apply number one and two—

THE COURT: No reduction.

MR. HUTTO: —just number three—number three was a separate item altogether and that it should not be considered, that it should be damages—the total damages sustained—and the one and two would be utilized, if there is a factor, to reduce damages. I feel like the jury could actually go back and

Counsel for appellee objected to the main charge (R. XIII, 36) and counsel for appellant suggested that the jury be brought back for an explanation of the interrogatories (R. XIII, 40).[6] After a thorough review of the record, amplified by oral argument, we conclude that the requirements of Rule 51 were not met. Counsel properly assumed that the trial court would give the jury a full and complete explanation of the Georgia law of comparative negligence. Final arguments were structured accordingly. The full explanation was not given. Since the plaintiff-appellant was prejudiced, a new trial is necessary.

On oral argument before this Court, Inagua Transports, Inc., employer of appellant, urges us to direct the trial court to enter judgment in its favor against appellee. Its argument, based on our decision in *Savoie v. LaFourche Boat Rentals, Inc.*, 627 F.2d 722 (5th Cir. 1980), is that an innocent employer is entitled to indemnity from a negligence third party for maintenance and cure payments made by the employer to his employee, regardless of the contributory negligence of the employee. Since our decision in this case requires a new trial, we decline to grant this relief, and we require Inagua to reassert its claim in the trial court.

Judgment of the district court is vacated and a new trial ordered.

deliberate and say that Mr. Ebanks was one-fourth negligent and the Railroad was 75 percent negligent, and they say since that's so, instead of giving him $500,000.00, we're going reduce it 25 percent and put in that reduced figure. And I feel like they—that would not be a true verdict then, unless they fully understand that the Court is going to reduce the total amount found in item three.

THE COURT: I do not see how it could have been any clearer, Mr. Hutto. I told them, without regard to fault, to put down the total expenses. But at any rate, I understand your exception.

(R. XIII, 34, 35).

**6.** We have said that the importance of the requirement that the parties object to the charge is that the judge be informed of possible errors so that he may have an opportunity to correct them. *Wallace v. Ener*, 521 F.2d 215 (5th Cir. 1975) *citing* 5A Moore's Federal Practice ¶ 51.-04 (2d ed.). Objections of counsel in the case at bar were sufficient to meet the requirement.