The appellant, Alonzo Anderson, was indicted for attempted murder, a violation of § 13A-6-2, § 13A-4-2, Code of Alabama 1975, and theft of property in the first degree, a violation of § 13A-8-3, Code of Alabama 1975. The appellant, following a jury trial, was found guilty of assault in the first degree, a violation of § 13A-6-20, Code of Alabama 1975, as a lesser included offense of attempted murder. He was sentenced to ten years' imprisonment on the assault count. The jury found Anderson not guilty on the theft count.
The appellant does not question the sufficiency of the evidence to support his conviction, and it would serve no useful purpose to recite the evidence in detail in this opinion; however, we will set out facts where we deem it necessary for a better understanding of the issues raised.
The appellant raises two issues on appeal.
 I
The appellant initially contends that the trial court committed reversible error by failing to adhere to the requirements of A.R.Crim.P.Temp. 14.
Defense counsel, at the conclusion of the trial, submitted to the trial court written requests for jury instructions, and a charge conference was held. During the charge conference, the trial court advised the appellant's counsel that it would charge the jury on the lesser included offense of assault in the second degree and approved his requested charges numbered 6 and 14. The trial court then reconsidered and did not charge the jury on second degree assault. The appellant claims that his case was prejudiced by the trial court's decision because the trial court allotted a time limit to both the State and the defense in which to give closing argument. The appellant contends that he had devoted a significant portion of time allotted for closing arguments on the evidence as it related to second degree assault, and that because of his surprise at the court's not charging the jury on second degree assault, he was deprived of an opportunity to prepare and present an intelligent closing argument to the jury on attempted murder and first degree assault. We agree.
A.R.Crimp.P.Temp. 14 states:
 "At the close of the evidence or at such other time during the trial as the court reasonably directs, either party may file and, in such event, shall serve on the opposing party, written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. The judge shall write on each request 'given' or 'refused,' as the case may be, and the request shall thereby become a part of the record. Each request marked 'given' shall be read to the jury without reference as to which party filed the request. Neither a copy of the charges against the defendant nor the 'given' written instruction shall go into the jury room; provided, however, that the court may, in its discretion, submit the charges to the jury in a complex case. Every oral charge shall be recorded by the court reporter as it is delivered to the jury. The refusal of a requested written instructions, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charge or in other charges given at the request of the parties. No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. Submission of additional explanatory instructions shall not be required unless requested by the court. Opportunity shall be given to make the objection out of the hearing of the jury. In charging the *Page 716 
jury, the judge shall not express his opinion of the evidence." (Emphasis added.)
The comment to Rule 14 states that the rule is taken almost verbatim from Rule 51, Alabama Rules of Civil Procedure. The committee comments to Rule 51 state in pertinent part:
 "Logic suggests that oral argument to the jury is best presented when counsel have already been apprised of the court's ruling on the charges. Since the rule permits the court to require reasonable advance filing of requests, and, in all events, at the close of the evidence, it should not be difficult for the court to comply with the rule's requirement that counsel be informed of the court's action prior to argument. However, prejudice must flow from the inadvertent failure to inform."
In the case at bar, it is apparent that the appellant was prejudiced by the trial court's actions.
The rationale for the rule and the standard to be used by an appellate court in deciding whether reversible error has resulted from the trial court's refusal or failure to observe the requirements imposed by A.R.Civ.P. 51, and by analogy, A.R.Crim.P.Temp. 14 is:
 "The rule requires court to make known to counsel the action which it plans to take on the requested instructions prior to the time for closing argument. However, the failure to do so does not mandate reversal unless the court refuses to follow the rule after its attention has been called to it or prejudice results therefrom. Trimble v. Bramco Products, Inc., 351 So.2d 1357
(Ala. 1977); Beloit Corp. v. Harrell, 339 So.2d 992
(Ala. 1976); Pruett v. Marshall, 283 F.2d 436 (5th Cir. 1960)." C. Lyons, 2 Alabama Rules of Civil Procedure Annotated, § 51.3 (1986).
In the case at bar, the prejudice to the appellant is clear. The trial court allotted a limited time for closing arguments, and the appellant's counsel expended a significant portion of his argument on the evidence as it related to second degree assault. As a result of the trial court's failure to instruct on second degree assault, the appellant was deprived of presenting an effective and intelligent closing argument. After the jury was charged and had been excused to deliberate, the trial court, based upon objection and request by the appellant's counsel, agreed to bring the jury back in the courtroom and explain why it did not charge on second degree assault. However, this action was an unsuccessful attempt to remedy the prejudice suffered by the appellant. Since the appellant had already detrimentally relied upon the trial court's assurances that second degree assault would be included in the charge and had based part of his closing argument on that assurance, this action by the trial court had no curative effect. The trial court, once the jury was brought back in the courtroom, did not attempt to cure the defective charge by orally instructing the jury at that time on second degree assault, but merely explained:
 "THE COURT: Ladies and gentlemen, it's only right that I should tell you and I certainly didn't make it clear enough to you. When we had the charge conference, I told defendant's counsel I was going to charge you on assault in the second degree. While they were arguing on it, I worked on it some more. And I decided that I wouldn't. When they argued to you, they thought I was going to because I told them I was. I have the right to reverse myself when I make decisions on questions of law and I did that. And they didn't have an opportunity to know it. So they weren't trying to pull the wool over your eyes or anything else like that when they argued in this case. And the fact that I didn't charge you on assault in the second degree only simply means I didn't charge you on it. And that's it. It's not in this case. All right."
Clearly, this is not sufficient to reverse any prejudicial effect suffered by the appellant.
As we have initially noted, Rule 14, A.R. Crim.P.Temp., is analogous to Rule 51, A.R.Civ.P. Rule 51, Fed.R.Civ.P., is identical to the relevant portion of Rule 51, Ala.R.Civ.P. The Fifth Circuit Court of Appeals *Page 717 
noted in construing Rule 51, Fed.R.Civ.P., that "[a]n essential purpose of Rule 51 is to permit counsel to argue effectively upon the evidence and to know in advance the guiding principles under which the argument should be made." Ebanks v. SouthernRy., 640 F.2d 675, 678 (5th Cir. 1981). See 5A Moore's FederalPractice § 51.03 at 51.8 (2d ed. 1988).
The requirements of Rule 14, A. R. Crim. P. Temp., are both plain and mandatory. Its purpose as an aid in the administration of justice is equally plain. The trial court, for its failure to follow the mandatory requirements of Rule 14, must be reversed as to this issue. To do otherwise would be contrary to the goal of promoting efficient trial practice.Cason v. State, 515 So.2d 721 (Ala.Cr.App), cert. denied,515 So.2d 725 (Ala. 1987).
REVERSED AND REMANDED.
All the Judges concur.