PATTERSON, Judge.
Brooks appeals the trial court’s denial of his A.R.Cr.P. Temp. 20 petition contesting the validity of his 1987 conviction for robbery in the second degree and his resulting sentence of 20 years’ imprisonment.
Rule 20’s statute of limitations, Rule 20.-2(c), operated to foreclose all of the grounds except the following:
“Defendant was indicted for first Degree Robbery. And plea guilt to a second degree Robbery.... Defendant plea of guilt does not Rest upon an indictment or information. Conviction and Sentence Are Void.”
The Case Action Summary shows that Brooks was indicted on December 11, 1986, for first degree robbery; that, on February 2, 1987, “[o]n motion of the State and with consent of the defendant, count added charging Robbery 2d”; and that, on that same date, Brooks pleaded guilty to robbery in the second degree.
In his pro se brief, Brooks contends that “his conviction [was] had in violation of Ross v. State, 529 So.2d 1074 (Ala.Cr.App.1988), and [is] due to be declared void.” The Ross court held that, if the charge to which the defendant pleads guilty is not a lesser included offense of the offense charged in the indictment and the trial court does not observe the provisions of § 15-15-20 et seq., Code of Alabama 1975, the trial court lacks jurisdiction to accept a guilty plea to that charge.
However, we find that Brooks’s allegation was insufficient to warrant any action.
“The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.”
Rule 20.6(b). In addition, “[t]he petitioner shall have the burden of pleading ... by a preponderance of the evidence the facts necessary to entitle him to relief.” Rule 20.3. Here,' Brooks failed to allege, with factual specificity, that, under the facts surrounding the offense for which he was convicted, robbery in the second degree was not a lesser included offense and, thus, was not covered by the indictment. In Ex *338 parte Hannah, 527 So.2d 675, 676 (Ala.1988), our supreme court noted, “Where two persons commit an armed robbery, robbery in the second degree is a lesser included offense of robbery in the first degree.” Brooks failed to allege that he was not aided by another person actually present.
Accordingly, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.