McMillan, judge.
On February 22, 1993, the appellant, Donald Gordon Reed, filed a petition under Rule 32, A.R.Cr.P., seeking relief from a 1989 sentence of 18 years’ imprisonment, which he stated had been imposed pursuant to a plea of guilty to a charge of robbery in the third degree. He further stated that he had not appealed this conviction and sentence. The appellant contends that the sentence exceeded the maximum authorized by law for a Class C felony because he was not sentenced as a habitual felony offender.
On April 21, 1993, the trial court summarily denied the appellant’s petition, stating that it was procedurally barred under Rule 32.2(c), A.R.Cr.P., because the appellant had failed to file within the applicable limitations period. The trial court also stated that it was successive under Rule 32.2(b), A.R.Cr.P., because he had failed to show good cause for not including the present ground in two previous petitions for post-conviction relief. No response from the district attorney appears in the record on appeal.
The appellant contends that the trial court erred in denying his petition as time-barred because, he argues, his claim arises under Rule 32.1(c), A.R.Cr.P., to which the limitations period does not apply. He further contends that the trial court improperly denied his petition as successive because, he says, there was no showing that the prior petition had been adjudicated on the merits. The State has requested that this cause be *1303 remanded to allow the district attorney to file an appropriate response. A response is not required if the trial court can ascertain from a simple reading of the petition that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded. Bishop v. State, 608 So.2d 345 (Ala.1992).
Based on the record, the trial court was unable to make such a determination in the present case. Therefore, this cause is due to be remanded to the trial court to allow the district attorney to file a response to the appellant’s petition. On remand, the trial court may also conduct an evidentiary hearing or take such other action as is necessary for a determination on the appellant’s petition. The trial court should file its return with this Court within 45 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.