On Return to Remand

McMILLAN, Judge.
We remanded this cause to the trial court for the district attorney to file a response to the appellant’s Rule 32, Ala.R.Cr.P. petition. 649 So.2d 1302. The trial court has now filed its return, which includes the following response:
In January, 1990, the appellant filed a Rule 20, A.R.Cr.P. (Temp.) petition, attacking his 1989 robbery conviction; however, he failed to raise the ground of unauthorized sentence and his petition thereafter was denied after a full hearing. On February 22, 1993, he filed the present petition, raising for the first time the ground of unauthorized sentence. However, the Ireland form signed by the appellant pursuant to his guilty plea contained the notation “1 [one] prior”; further, the Ireland form specifically stated that the range of punishment for the appellant’s offense was “not less than 2 years nor more than 20 years’ of imprisonment.” Therefore, the district attorney concluded, the appellant’s Rule 32 petition was precluded, meritless and frivolous.
*1304 Following the filing of this response, the trial court summarily dismissed the appellant’s petition as precluded, noting that because the Ireland, form revealed one qualifying felony conviction and also stated the appropriate sentencing range, the appellant’s sentence of 18 years’ imprisonment clearly was authorized by law.
In Nichols v. State, 629 So.2d 51 (Ala.Cr.App.1993), this Court found that if the sentencing court has been made aware of the applicability of the Habitual Felony Offender act, notice to the defendant is a procedural matter. The actual ground raised by the appellant’s petition was a non-jurisdietional ground and the petition was not filed within the limitations period specified in Rule 32.2(c), Ala.R.Cr.P. Therefore, as the trial court properly determined, the petition was precluded. Summary disposition of a precluded petition is proper under Rule 32.7(d), Ala.R.Cr.P. Therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.