The appellant, Cedric Dale Johnson, appeals from the trial court's summary dismissal of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in *Page 86 
which he attacked his 1992 guilty plea conviction for assault in the second degree and his resulting sentence, as a habitual felony offender, of life in prison. The appellant's conviction was affirmed on direct appeal to this court, and a certificate of judgment was issued on September 30, 1992. The appellant filed the Rule 32 petition that is the subject of this appeal in the trial court on June 29, 1995.
In his petition, the appellant claims (1) that his guilty plea was invalid, because, he says, it was entered involuntarily and without knowledge of the nature of the charge and consequences of the plea; (2) that his trial counsel was ineffective; (3) that the trial court was without jurisdiction to render a judgment or to impose sentence; (4) that his sentence exceeded the maximum allowed by law; and (5) that he had newly discovered evidence that required that his conviction and sentence be vacated.
We address the appellant's five claims below.
 I.
The appellant is not entitled to relief on his claim that his guilty plea was involuntarily entered; the claim is procedurally barred because his petition was filed outside the two-year limitations period provided in Rule 32.2(c), Ala.R.Crim.P. See Cantu v. State, 660 So.2d 1026 (Ala. 1994).
 II.
The appellant's ineffective assistance of counsel claim is procedurally barred by the two-year limitations period of Rule 32.2(c).
 III.
The appellant claims that the trial court lacked jurisdiction to render a judgment or to impose sentence because, he says, the offense to which he pleaded guilty and of which he was convicted — assault in the second degree — is not, he says, a lesser included offense of attempted murder, for which the appellant was indicted. Pursuant to a plea agreement, the state moved to amend the indictment to charge assault in the second degree instead of attempted murder, and the appellant then pleaded guilty to the charge in the indictment as amended.
A trial court lacks jurisdiction to accept a plea of guilty to an offense not encompassed by the charge in the indictment.Ross v. State, 529 So.2d 1074 (Ala.Cr.App. 1988). Therefore, if the appellant proved that the offense of second-degree assault to which he pleaded guilty was not encompassed within the charge of attempted murder, the appellant's conviction would be void because the trial court would have been without jurisdiction to accept the appellant's plea.
In this case, the allegations in the appellant's Rule 32 petition were insufficient to warrant further proceedings. Rule 32.6(b), Ala.R.Crim.P. "The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." Rule 32.3, Ala.R.Crim.P. The appellant, however, failed to allege with factual specificity that, under the facts surrounding theoffense for which he was convicted, assault in the second degree was not a lesser included offense of murder.
In Jones v. State, 585 So.2d 180 (Ala.Cr.App. 1991), and inAnderson v. State, 533 So.2d 714 (Ala.Cr.App. 1988), this court noted that a defendant may be entitled to a charge on assault in the second degree as a lesser included offense to attempted murder. In Edwards v. State, 671 So.2d 129 (Ala.Cr.App. 1995), this court stated that assault can be a lesser included offense of murder. See, also, commentary to § 13A-1-9, Ala. Code 1975, indicating that assault in the first or second degree may be a lesser included offense "under an indictment charging murder."
Clearly, then, under particular circumstances, assault in the second degree may be a lesser included offense of attempted murder. The appellant, however, failed completely to allege any of the specific facts surrounding the offense for which he was convicted, and he did not demonstrate in his petition, even when every factual allegation therein is taken to be true, that, under the facts of his case, assault in the second degree was not a lesser included offense of attempted murder. The appellant apparently believed *Page 87 
that, as a matter of law, assault in the second degree can never be a lesser included offense of attempted murder, when, as a matter of fact, the former can be a lesser included offense of the latter under the appropriate circumstances.
When making a determination of whether one offense is a lesser included offense of another, the facts of each case must be taken into account, and courts should not simply consider the potential relationship of the two offenses in abstract terms of the defining statutes while ignoring the facts of the case and the indictment under which the defendant was charged.Ingram v. State, 570 So.2d 835 (Ala.Cr.App. 1990); Farmer v.State, 565 So.2d 1238 (Ala.Cr.App. 1990).
The state, in its answer and motion to dismiss the appellant's petition, correctly argued that the appellant's claim that the trial court was without jurisdiction to accept his plea of guilty to assault in the second degree "is a bare allegation with no supporting grounds, [and] thus lacks the specificity required by Rule 32.6(b), Ala.R.Crim.P." (C. 31.) See Brooks v. State, 555 So.2d 337 (Ala.Cr.App. 1989) (petitioner failed to allege sufficient facts to demonstrate that, under circumstances of his case, second-degree robbery was not lesser included offense of first-degree robbery and, thus, was not covered by the indictment; therefore, petitioner's claim that trial court lacked jurisdiction to accept his guilty plea to second-degree robbery lacked specificity to warrant post-conviction relief).
 IV.
In claiming that his sentence exceeded the maximum allowed by law, the appellant actually argued that the state provided him with inadequate notice of its intention to invoke the Habitual Felony Offender Act at the appellant's sentencing and that the state failed to adequately prove his prior convictions for purposes of sentence enhancement. The appellant's claim, in substance, is not jurisdictional. See Nichols v. State,629 So.2d 51 (Ala.Cr.App. 1993). Therefore, the claim is procedurally barred by the two-year period of limitations set forth in Rule 32.2(c), Ala.R.Crim.P.
 V.
The appellant is not entitled to any relief on his claim of newly discovered evidence. In its answer and motion to dismiss the appellant's petition, the state correctly argued that "the Petitioner does not allege in his petition any newly discovered facts or any time frame in which such facts were discovered, but merely asserts such a claim for relief, and thus fails to meet the specificity requirements of Rule 32.6(b), Ala.R.Crim.P." (C. 31.)
Because all claims in the appellant's petition were either insufficiently specific or precluded, the trial court could summarily dispose of the appellant's petition without holding a hearing and without making written findings of fact. Rule 32.7(c), Ala.R.Crim.P.
The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.