Joe Elbert Clements appeals his sentence after remand by the Eleventh Circuit Court of Appeals. The Eleventh Circuit Court of Appeals affirmed Clements's convictions for burglary in the third degree and possession of burglary tools, but remanded the cases to the Marengo Circuit Court for a new sentencing hearing. The Eleventh Circuit ruled that the trial court had not adequately determined whether Clements had knowingly and intelligently waived his right to counsel before allowing Clements to represent himself, pro se, at his sentencing hearing. R. 4. Clements appeals the sentences imposed at his second sentencing hearing.
Clements makes two arguments on appeal. He contends that his two 20-year sentences, which were to be served consecutively, exceeded the maximum sentence allowed by law for a conviction of a Class C felony, which he says is 10 years. According to Clements, because he was not sentenced as a habitual felony offender, this sentence is illegal. Although there was some discussion at the resentencing hearing about the application of the Habitual Felony Offender Act (HFOA), there is nothing definitive in the record stating that Clements was sentenced as a habitual felony offender. However, on original sentencing Clements was treated as a habitual felony offender. Before pronouncing the sentence in the second proceeding, the trial court asked whether Clements had been notified about the HFOA before his original sentencing. His present sentence falls within the possible range of sentences that may be imposed under the HFOA after a conviction of a Class C felony conviction when the defendant has three prior felony convictions. Even though the State did not attempt to prove any prior convictions at the second sentencing hearing and nothing in the record indicates that the HFOA applied in determining Clements's sentences, the trial court surely intended to apply the HFOA in determining the present sentence.
Clements contends on appeal that if the HFOA was applied in determining his sentence, that application was improper because, he says, he was not notified before his second sentencing hearing that the State intended to seek enhancement under the HFOA. We agree. We construe the following statement by defense counsel at the re-sentencing hearing to be an objection to the State's failure to provide notice preserving the issue for review.
 "It would be my position before the Court [that Clements] is pled to Class C felonies. If it's the State's position to proceed under the Habitual Offender Act, I have received no notice. I don't think Mr. Clements himself has received any notice. I have no official knowledge of his prior record."
R. 2.
The State contends that Clements received all the notice he was entitled before to the first sentencing hearing. At that time, according to the State, he was notified that the State intended to seek sentence enhancement under the HFOA and he was served with certified copies of five prior felony convictions from state courts and four prior felony convictions from federal court. The record reflects that Clements was convicted of two Class C felonies and that he was originally sentenced to 99 years' imprisonment for each conviction, to be served consecutively. This indicates that Clements was originally sentenced *Page 1323 
as a habitual felony offender having at least three prior felony convictions.
In Nichols v. State, 629 So.2d 51 (Ala.Cr.App. 1993), this court stated that if resentencing was required, the defendant was entitled to be renotified of the State's intent to proceed under the HFOA and renotified of the convictions it intends to prove.
 " 'To enhance a defendant's sentence under the HFOA, the State must give proper notice of its intent to do so. The State must also give the defendant proper notice of the alleged previous felony convictions that it will attempt to prove at that sentencing hearing. If, for whatever reason, another sentencing hearing is required and the State had notified the defendant of its intent to proceed under the HFOA at the previous sentencing hearing, then the State can re-notify the defendant of its intent to proceed under the HFOA and can notify the defendant that it will attempt to prove all previous felony convictions that the State is aware of, regardless of whether the State had attempted to prove those particular convictions at the previous sentencing hearing.' "
Nichols v. State, 629 So.2d 51, 57 (Ala.Cr.App. 1993) (citingConnolly v. State, 602 So.2d 452, 455 (Ala. 1992) (some emphasis original; some emphasis added)).
 "The rule is that the state may use, at a second sentencing hearing, convictions other than those used at the first hearing, provided that proper notice has been given prior to both hearings. Connolly v. State, 602 So.2d 452 (Ala. 1992); Jackson v. State, 566 So.2d 758 (Ala. 1990). See also A.R.Cr.P. 26.6(b)(3)(ii). 'This requires only that the defendant be notified before each sentencing hearing that the HFOA [Habitual Felony Offender Act] will be applied and what convictions the State will attempt to prove.' Connolly v. State, 602 So.2d at 454 (emphasis added [in Cooper])."
Cooper v. State, 632 So.2d 1342, 1343-44 (Ala.Cr.App. 1993), aff'd, 632 So.2d 1344 (Ala. 1994) ("The record in this case shows that the appellant was not given notice, prior to the third sentencing hearing, of the convictions the state intended to prove. At the hearing, the appellant made numerous and timely objections to the failure to give notice.")
The record does not reflect that the State gave Clements notice that it intended to proceed under the Habitual Felony Offender Act before the present sentencing hearing. The record does not reflect that the State gave Clements notice of what convictions it would attempt to prove. Additionally, the State did not prove any prior convictions at the present sentencing hearing.
Because the State failed to give proper notice, we must remand this case for another sentencing hearing. Before that hearing, the state should give Clements reasonable notice of its intent to invoke the Habitual Felony Offender Act and of the prior felony convictions upon which it intends to rely. A record should be made of the proceedings and included on return to remand along with the trial court sentencing order. Due return should be made to this court within 63 days.
REMANDED FOR SENTENCING.
All the Judges concur.
 ON RETURN TO REMAND
On February 28, 1997, we remanded this case to the circuit court for a third sentencing hearing. The Eleventh Circuit Court of Appeals had previously affirmed Clements's convictions for burglary in the third degree and possession of burglary tools, but had remanded the cases to the circuit court for a new sentencing hearing. In compliance with the Eleventh Circuit's order on remand, the circuit court conducted a second sentencing hearing. After this sentencing hearing, Clements was sentenced to 20 years in prison for each conviction. These sentences were to be served consecutively. On his direct appeal from this sentence, we concluded that whether the Habitual Felony Offender Act had been applied at the second sentence hearing was unclear. If Clements's sentence had not been enhanced by application of the Habitual Felony Offender Act, then his two 20-year consecutive sentences exceeded the maximum sentence allowed for a conviction for a Class C felony, which is 10 years. Burglary in the third degree and possession *Page 1324 
of burglary tools are both Class C felonies. If the trial court applied the Habitual Felony Offender Act to Clements's sentence, the record failed to show that he was notified before his second sentence hearing of the prior offenses the state intended to prove to enhance his sentence.
In our February 28, 1997, opinion, we instructed the circuit court to clarify whether Clements had been sentenced as a habitual offender. We further instructed the trial court that, if it had sentenced Clements as a habitual offender, to ensure that Clements had received reasonable notice of the State's intent to invoke the Habitual Felony Offender Act and notice of the prior felony convictions the State intended to prove. The court was further instructed that if it had not sentenced Clements as a habitual felony offender, it was to impose the correct sentence for Class C felonies.
On return to remand we received from the circuit court only two minute entries. The one imposing the sentence in case No. CC-84-119 states in pertinent part, that Clements is sentenced "to 15-years Board of Corrections to run concurrent with CC-84-120." The other, imposing the sentence in case No. CC-84-120, states that the sentence is "to 15-years Board of Corrections to run concurrent with CC-84-119." Our concerns have not been addressed by the trial court on remand. We remand this cause a second time; the trial court is directed to comply with our instruction in our February 28, 1997, opinion remanding the case.
REMANDED WITH INSTRUCTIONS.*
All the Judges concur.
* Note from the reporter of decisions: On December 19, 1997, on second return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.