LONG, Presiding Judge.
Pursuant to a plea agreement, the appellant, Jerry Ray Moore, pleaded guilty to receiving stolen property in the second degree and on December 1, 1980, was sentenced to 20 years in prison. He did not appeal from his conviction. On April 1, 1997, he filed a Rule 32, Ala.R.Crim.P., petition in which he claimed that his 20-year sentence exceeded the maximum authorized by law or was otherwise not authorized by law.[1] A hearing on the petition was set for May 2, 1997. Although he argued in his petition that he had been improperly sentenced as a habitual offender because, he says, the state had failed to give him notice before his sentencing of its intent to invoke the Habitual Felony Offender Act, the appellant modified his claim at the evidentiary hearing. At the hearing, he appeared to assert that the Habitual Felony Offender Act had not actually been invoked or applied in his case and that, therefore, his 20-year sentence exceeded the maximum authorized by law for a Class C felony. Receiving stolen property in the second degree is a Class C felony, § 13A-8-18(b), Ala.Code 1975; the maximum sentence for a Class C felony where no prior felony convictions are used for enhancement shall be “not more than 10 years,” § 13A-5-6(a)(3), Ala.Code 1975.
In its written response to the appellant’s petition, and at the evidentiary hearing, the state did not specifically refute the appellant’s allegations concerning his sentence, but instead argued that the appellant’s petition was due to be dismissed as “successive” under Rule 32.2(b), Ala. R.Crim.P., because the appellant had filed *532 three prior post-conviction petitions challenging his conviction and sentence.[2] The appellant countered that because his sentence exceeded the maximum allowed by statute, his claim was “jurisdictional” and was not subject to the grounds of preclusion set forth in Rule 32.2, Ala.R.Crim.P.
Judge Joseph L. Battle presided over the evidentiary hearing on the appellant’s Rule 32 petition. Judge John D. Snod-grass, who is now retired, presided over the appellant’s 1980 guilty plea proceedings and sentencing hearing. Prior to the evidentiary hearing on the appellant’s petition, Judge Battle sought to obtain a transcript of the guilty plea proceedings; however, a transcript of those proceedings could not be found. The record on appeal does contain a certified case action summary sheet from the guilty plea proceedings as well as Judge Snodgrass’s separate written order from those proceedings, neither of which indicates whether the Habitual Felony Offender Act was applied to enhance the appellant’s sentence.[3] The record also contains exhibits 1 and 2, certified case action summary sheets bearing the appellant’s name from two 1977 felony convictions and reflecting that the appellant was represented by counsel. However, there is nothing in the record indicating whether these prior convictions were introduced at sentencing in the 1980 guilty plea proceedings and nothing to indicate whether the appellant stipulated that he had prior felony convictions at the time he was sentenced. Testimony at the evidentiary hearing was inconclusive on these matters, largely because, with the exception of the appellant, none of the parties involved in the 1980 proceedings was present at the hearing. The appellant’s own testimony was vague and equivocal. The appellant’s contention at the hearing that the Habitual Felony Offender Act had not been applied to his sentence was inconsistent with the claim in his petition (and in his prior petitions) that he had been improperly sentenced as a habitual offender because, he said, the state had failed to give him adequate notice of its intent to invoke the Act; it appears that the appellant had previously only assumed that he had been sentenced as a habitual offender but had more recently come to believe that the Act had not been applied because nothing in the record indicated that it had been applied. As noted above, the state did not attempt to refute the appellant’s allegations at the evidentiary hearing. However, the state’s default is understandable in light of the fact that the appellant changed the factual and legal basis of his claim at the hearing, and his arguments remained unclear.
Following the evidentiary hearing on the appellant’s petition, Judge Battle found that Judge Snodgrass had made a “mistake” in sentencing the appellant because Judge Snodgrass “did not mention two prior felony convictions that [the appellant] had at the time of sentencing.” (R. 16.) Judge Battle then set aside the appellant’s original 20-year sentence and, upon giving the appellant notice that he was considering the two 1977 felony convictions, which the appellant did not challenge, he resen-tenced the appellant to 20 years in prison upon application of the Habitual Felony Offender Act. The appellant appealed from the trial court’s judgment.
Citing the Alabama Supreme Court’s decision in Ex parte Williams, 510 So.2d 135 (Ala.1987), the appellant contends that Judge Battle was not authorized to apply the Habitual Felony Offender Act in re-sentencing him and that instead, after setting aside his 20-year sentence, Judge *533 Battle should have sentenced him within the statutory range applicable to a conviction for a Class C felony where no prior felony convictions are used for enhancement. See § 13A-5-6(a)(3), Ala.Code 1975. In Ex parte Williams, the Alabama Supreme Court held that because the Habitual Felony Offender Act is not “self-executing,” the Act must be invoked, i.e., “called to the attention of the trial court,” before the original sentencing or it cannot be applied at a subsequent sentencing hearing. Ex parte Williams, 510 So.2d at 136. In Ex parte Williams, the trial court, upon being advised that the defendant had numerous prior felony convictions, set aside its original sentence, which the defendant had begun to serve, and re-sentenced the defendant, 11 weeks after the original sentencing, this time applying the Habitual Felony Offender Act. The Alabama Supreme Court held that- the trial court could not set aside the original sentence to apply the Habitual Felony Offender Act because the Act had not been invoked before the defendant’s original sentencing. Ex parte Williams, 510 So.2d at 136.
It is important to distinguish here between the circumstances contemplated by Ex parte Williams — i.e., a total failure to invoke and apply the Habitual Felony Offender Act at the original sentencing — and those cases where it is alleged that the state failed to give the defendant notice of its intent to invoke the Act or failed to give the defendant notice of the prior felony convictions upon which it would rely in invoking the Act. Where the Habitual Felony Offender Act has not been invoked before the original sentencing, a trial court is without the authority to resentence a defendant by applying the Act, and a subsequent sentence imposing an additional sentence upon application of the Act is an “illegal” sentence, which may be challenged at any time. Nichols v. State, 629 So.2d 51, 57 (Ala.Cr.App.1993); see Barnes v. State, 708 So.2d 217 (Ala.Cr.App.1997); Hannon v. State, 682 So.2d 503, 503 (Ala.Cr.App.1996); Foster v. State, 651 So.2d 1102, 1105 (Ala.Cr.App.1994). However, notice to the defendant of the application of the Habitual Felony Offender Act is a procedural requirement that can be waived by the defendant’s failure to object, Nichols, 629 So.2d at 57; it is a nonjurisdictional matter that is subject to the procedural bars set out in Rule 32.2. Reed v. State, 649 So.2d 1303, 1304 (Ala.Cr.App.1994); see Clements v. State, 709 So.2d 1321 (Ala.Cr.App.1997); Johnson v, State, 675 So.2d 85 (Ala.Cr.App.1995).
After considering the appellant’s petition, the record of the evidentiary hearing, Judge Battle’s findings, and Judge Battle’s remedial actions at the conclusion of the evidentiary hearing, we are unable to determine whether Judge Battle’s finding that a “mistake” had been made because Judge Snodgrass “did not mention” the appellant’s two prior felony convictions “at the time of sentencing” constituted a determination by Judge Battle that the Habitual Felony Offender Act had been neither invoked nor applied at the appellant’s original sentencing or whether Judge Battle determined that Judge Snod-grass had simply neglected to note on the case action summary sheet and in his separate written order that the appellant’s 20-year sentence was the result of the application of the Habitual Felony Offender Act. Resolution of this issue is crucial: if Judge Battle found that the Habitual Felony Offender Act was not invoked and applied at the original sentencing, he had no authority to apply the Act in resentencing the appellant and should have resentenced the appellant solely by application of the statutory range for Class C felonies; if Judge Battle found that the Act had been invoked and applied at the original sentencing, but that this fact was not reflected in the limited record available from the 1980 proceedings, then the appellant was not entitled to any relief and his sentence should not have been set aside. We do not find an answer to our questions in the fact *534 that Judge Battle gave the appellant notice of the two prior felony convictions before resentencing him, because it is unclear whether Judge Battle considered the re-sentencing procedure to constitute the initial invocation and application of the Habitual Felony Offender Act to the appellant’s case, or whether Judge Battle set aside the original sentence and gave the appellant notice of the prior convictions merely out of an abundance of caution and upon an assumption that the appellant may not have received adequate notice from the state before the original sentencing even though the Act had been properly invoked. If Judge Battle credited the appellant’s factual assertions only to the extent that the appellant maintained that he did not receive adequate notice from the state, any claims for relief on this basis would be procedurally barred by the two-year limitations period of Rule 32.2(c), Ala.R.Crim. P., and by Rules 32.2(a)(3) and (5), Ala. R.Crim.P. See Reed, 649 So.2d at 1304; Clements, 709 So.2d 1321; Johnson, 675 So.2d 85.
Based upon the foregoing, we must remand this case to the trial court with directions that the trial court clarify its findings concerning the appellant’s claim that his sentence exceeded the maximum authorized by law. Specifically, the trial court should state whether it finds that the Habitual Felony Offender Act was invoked and applied at the appellant’s original sentencing. On remand, the trial court may conduct such further proceedings or take such evidence as it deems necessary. The trial court is authorized to take whatever action under Rule 32, Ala.R.Crim.P., is necessary to render a final judgment on the petition. In any event, due return should be made to this court within 70 days after the release of this opinion. Return to remand should include the transcript from any further proceedings in addition 'to orders issued by the trial court and motions filed by the parties.
REMANDED WITH DIRECTIONS.
All the Judges concur.

On Return to Remand

LONG, Presiding Judge.
On March 20, 1998, re remanded this cause to the trial court with directions that that court clarify its findings concerning Jerry Ray Moore’s claim, in his Rule 32, Ala.R.Crim.P., petition, that his sentence of 20 years in prison, for the offense of receiving stolen property in the second degree, exceeded the maximum authorized by law. In his petition, Moore alleged that the Habitual Felony Offender Act was neither invoked nor applied when, in December 1980, he pleaded guilty to, and was sentenced for, receiving stolen property in the second degree and that, therefore, his 20-year sentence exceeded the maximum authorized by law for a Class C felony.[1] Receiving stolen property in the second degree is a Class C felony, § 13A-8-18(a), Ala.Code 1975; the maximum sentence for a Class C felony, if the defendant has no prior felony convictions that can be used for enhancement, is “not more than 10 years,” § 13A-5-6(a)(3), Ala.Code 1975.
As we noted in our original opinion, Judge John D. Snodgrass, who is now retired, presided over Moore’s 1980 guilty plea proceedings and sentencing hearing and Judge Joseph L. Battle presided over the evidentiary hearing on Moore’s Rule 32 petition, following the evidentiary hearing on Moore’s petition, Judge Battle found that Judge Snodgrass had made a “mistake” in sentencing Moore because Judge Snodgrass “did not mention two prior felony convictions that [Moore] had at the time of sentencing.” Judge Battle then set aside Moore’s original 20-year sentence and, after giving Moore “notice” that in sentencing Moore he would eonsid *535 er his two 1977 felony convictions, he re-sentenced Moore to 20 years in prison upon application of the Habitual Felony Offender Act.
On his earlier appeal, Moore contended that Judge Battle was without authority to apply the Habitual Felony Offender Act in resentencing him and that instead, after setting aside his 20-year sentence, Judge Battle should have sentenced him within the statutory range applicable to a conviction for a Class C felony, with no prior felony convictions. In support of his contention, Moore cited Ex parte Williams, 510 So.2d 135 (Ala.1987), where the Alabama Supreme Court held that because the Habitual Felony Offender Act is not “self-executing,” the Act must be invoked, 1.e., “called to the attention of the trial court,” before the original sentencing or it cannot be applied at a subsequent sentencing hearing. 510 So.2d at 136.[2]
This court was unable to determine from the record whether Judge Battle’s finding that Judge Snodgrass made a “mistake” because he “did not mention” Moore’s two prior felony convictions “at the time of sentencing” constituted a determination by Judge Battle that the Habitual Felony Offender Act had been neither invoked nor applied at Moore’s original sentencing or whether Judge Battle determined that Judge Snodgrass had simply neglected to note on the case action summary sheet and in his separate written sentencing order that he had applied the Habitual Felony Offender Act in arriving at Moore’s 20-year sentence. In remanding the cause to the trial court, we stated:
“Resolution of this issue is crucial: if Judge Battle found that Habitual Felony Offender Act was not invoked and applied at the original sentencing, he had no authority to apply the Act in resen-tencing the appellant and should have resentenced the appellant solely by application of the statutory range for Class C felonies; if Judge Battle found that the Act had been invoked and applied at the original sentencing, but that this fact was not reflected in the limited record available from the 1980 proceedings, then the appellant was not entitled to any relief and his sentence should not have been set aside. We do not find an answer to our questions in the fact that Judge Battle gave the appellant notice of the two prior felony convictions before resentencing him, because it is unclear whether Judge Battle considered the resentencing procedure to constitute the initial invocation and application of the Habitual Felony Offender Act to the appellant’s case, or whether Judge Battle set aside the original sentence and gave the appellant notice of the prior convictions merely out of an abundance of caution and upon as assumption that the appellant may not have received adequate notice from the state before the original sentencing even though the Act had been properly invoked. If Judge Battle credited the appellant’s factual assertions only to the extent that the appellant maintained that he did not receive adequate notice from the state, any *536 claims for relief on this basis would be procedurally barred by the two-year limitations period of Rule 32.2(c), Ala. R.Crim.P., and by Rules 32.2(a)(3) and (5), Ala.R.Crim.P. See Reed [v. State], 649 So.2d [1303] at 1304 [(Ala.Cr.App. 1994)]; Clements [v. State, 709 So.2d 1321 (Ala.Cr.App. 1997)]; Johnson [v. State], 675 So.2d 85 [(Ala.Cr.App. 1995)].”
739 So.2d 533-34. This court specifically instructed the trial court to state whether it found that the Habitual Felony Offender Act was invoked and applied at Moore’s original sentencing in 1980.
On return to remand, Judge Battle has filed an order vacating his prior order, setting aside Moore’s original 20-year sentence, and resentencing Moore to 20 years in prison under the Habitual Felony Offender Act after giving Moore “notice” of the two 1977 felony convictions, In that remand order, Judge Battle further states that he is reinstating Moore’s original 20-year sentence imposed by Judge Snod-grass in 1980. Finally, Judge Battle finds that Moore’s claim concerning the legality of his sentence was raised in a prior Rule 32 petition and that, therefore, Moore;s claim is procedurally barred and due to be denied because his present petition is “successive.” See Rule 32.2(b), Ala.R.Crim.P.
We cannot agree with Judge Battle’s determination that Moore’s claim is procedurally barred by the successive petition provisions of Rule 32.2(b), Ala.R.Crim.P. First, it is unclear whether Moore;s claim concerning the legality of his sentence was, in fact, raised in a prior petition. More importantly, it is well settled that a facially valid challenge to the legality of sentence presents a “jurisdiction” issue that can be raised at any time and is not subject to the procedural bars of Rule 32.2, Ala. R.Crim.P. See Barnes v. State, 708 So.2d 217, 219 (Ala.Cr.App. 1997).
As things stand, this court is still unable to answer from the record the question that is dispositive of Moore’s claim concerning the legality of his 20-year sentence: Was the Habitual Felony Offender Act invoked and applied at Moore’s original sentencing in 1980? Accordingly, we must again remand this cause to the trial court, with directions that the trial court state whether it finds that Habitual Felony Offender Act was invoked and applied at Moore’s original sentencing. If the trial court finds that the Act was invoked and applied at Moore’s original sentencing, the court should state specifically on what evidence it is basing this determination. If, however, the trial court finds that the Act was not invoked and applied at Moore’s original sentencing, the court should set aside Moore’s 20-year sentence and resen-tence Moore within the range of punishment authorized for a Class C felony where no prior felony convictions are used for enhancement. A return should be filed with this court within 49 days after the release of this opinion.
REMANDED WITH DIRECTIONS. *
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.

. In his petition, the appellant also raises several additional claims, which, he argues, entitle him to post-conviction relief. However, at the evidentiary hearing on his petition. the appellant informed the trial court that he did not wish to pursue those claims. He does not raise these claims in this appeal.

. We are unable to determine the precise nature of the claims raised in the prior petitions or whether those claims were decided on their merits.

. The case action summary sheet and Judge Snodgrass’s order reflect that the appellant was originally indicted for theft of property in the first degree and receiving stolen property in the first degree and that, pursuant to a plea agreement, the theft charge was dropped and the appellant entered a guilty plea to the reduced charge of receiving stolen property in the second degree.

. In our original submission, we recognized that Moore did not actually refine this issue until the evidentiary hearing on his petition, where he modified the allegations in his petition somewhat.

. As we stated in our original opinion:
"It is important to distinguish here between the circumstances contemplated by Ex parte Williams — i.e., a total failure to invoke and apply the Habitual Felony Offender Act at the original sentencing — and those cases where it is alleged that the state failed to give the defendant notice of its intent to invoke the Act or failed to give the defendant notice of the prior felony convictions upon which it would rely in invoking the Act. Where the Habitual Felony Offender Act has not been invoked before the original sentencing, a trial court is without the authority to resentence a defendant by applying the Act, and a subsequent sentence imposing an additional sentence upon application of the Act is an 'illegal' sentence, which may be challenged at any time. However, notice to the defendant of the application of the Habitual Felony Offender Act is a procedural requirement that can be waived by the defendant's failure to object; it is a nonjurisdictional matter that is subject to the procedural bars set out in Rule 32.2.”
Moore, 739 So.2d at 533. (Citations omitted.)

 Note from the reporter of decisions: On June 18, 1999, on second return to remand, the Court of Criminal Appeals affirmed, without opinion.