BASCHAB, Judge.
It appears that, on October 26, 1990, the appellant, Bobby Lewis France, pled guilty to first-degree theft of property and third-degree burglary, and the trial court sentenced him to serve concurrent terms of five years in prison. He did not appeal his convictions. On June 24, 2004, the appellant filed a Rule 32 petition, challenging his convictions. After the State responded, the circuit court summarily dismissed his petition. This appeal followed.
The appellant argues that the trial court did not have jurisdiction to render a judgment and impose a sentence in his first-degree theft of property case because he allegedly pled guilty to an offense for which he had not been indicted. Specifically, he contends that the record indicates that he pled guilty to first-degree theft of property, but the indictment against him charged him only with second-degree theft of property.
The indictment the appellant included with his petition alleged that he
“did knowingly obtain or exert unauthorized control over a firearm, rifle, or shotgun, to-wit: one (1) Marlin 30-30 caliber rifle, and one (1) Winchester .20 gauge shotgun, the property of James W. Heard, with the intent to deprive the owner of said firearm, rifle, or shotgun, in violation of Section 13A-8-4 of the Code of Alabama, against the peace and dignity of the State of Alabama.”
(C.R. 16.)
“The theft of a firearm, rifle, or shotgun, regardless of its value, constitutes theft of property in the second degree.”
§ 13A-8-4(d), Ala.Code 1975. However, the “Explanation of Rights and Plea of Guilt,” the case action summary sheets, and the written plea agreement indicate that the appellant pled guilty to first-degree theft of property.
“A trial court lacks jurisdiction to accept a plea of guilty to an offense not encompassed by the charge in the indictment.”
Johnson v. State, 675 So.2d 85, 86 (Ala.Crim.App.1995). Therefore, the appellant’s claim may be meritorious. Nevertheless, the State did not specifically refute this claim. Also, in its order dismissing the petition, the circuit court did not specifically address this claim.
Because the appellant’s claim that the trial court did not have jurisdiction to render a judgment and impose a sentence in his first-degree theft of property case *290 could be meritorious, the circuit court erred in not addressing it. Therefore, we remand this case to the circuit court for that court to make specific, written findings of fact concerning that claim. On remand, the circuit court may require the State to respond specifically to the appellant’s contention and/or may conduct an evidentiary hearing. If the circuit court determines that the appellant was actually indicted for second-degree theft of property and actually pled guilty to first-degree theft of property, it shall vacate the appellant’s first-degree theft of property conviction. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court’s written findings of fact and, if applicable, the State’s response and/or a transcript of any evidentiary hearing.
REMANDED WITH INSTRUCTIONS. 
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.